Mr. Justice' BRADLEY,
 

 having stated the case, delivered the opinion of the court, as follows:
 

 From the provisions of the organic law, which have been referred to in the argument, it is apparent that the Territorial legislature has no power to pass any law in contravention of the Constitution of the United States, or which shall deprive the Supreme and District Courts of the Territory of chancery as well as Gommon-law jurisdiction.
 

 This case was clearly a case of chancery jurisdiction, and one necessarily requiring equitable, as distinguished ‘from legal, relief. The property, according to the charge of the complainant, had been put beyond the reach of the ordinary process of the law. It had been disposed of by the assistance and through the co-operation of Dunphy in such a manner that the judgment creditors could not find it to satisfy their claims, or,* if found, it was held by Dunphy under cover of an assignment, which,
 
 primd facie,
 
 gave him the legal title. This is what is charged by the judgment creditors. They further charge that this was a fraudulent contrivance to hinder and delay them in the recovery of their debts. In a country or territory where the systems of common law and chancery both substantially prevail, it is perfectly clear that chancery only could give adequate relief in such a case. And, then, the case was instituted and the pleadings were framed strictly in accordance with this view. The bill is strictly a bill in chancery praying for equitable relief.
 

 
 *615
 
 Now, it is perfectly obvious that, with the exception of the verdict being rendered by nine jurors, the trial was altogether conducted as a trial at common law, and that the decree was reudered on the verdict precisely as a judgment is rendered on a verdict at common law. This was clearly an error. The ease, being a chancery case, and being instituted as such, should have been tried as a chancery case by the modes of proceeding known to courts of equity. In those courts the judge or chancellor is responsible for the decree. If he refers any.questions of fact to a jury, as he may do by a feigned issue, he is still to be satisfied in his own conscience that the finding is correct, and the decree must be made as the result of his own judgment, aided, it is true, by the finding of the jury. Here the judgment is pronounced as the mere conclusion of law upon the facts found by the jury. ' '
 

 Again: In an equitable proceeding of this kind, a decree in the nature of a judgment for damages cannot be rendered against the defendant who is alleged to have taken a fraudulent assignment of the property. The decree against him must be a decree for an account. He must be called to account for just what property has come into his hands, and no more; and he will be entitled, under ordinary circumstances, to a rebate for the amount that was justly and honestly his due. The mode of taking such an account is well known in equity proceedings. The defendant is to exhibit an account either in his answer or in the master’s office, and if it is not satisfactory to the complainant, it may be surcharged or falsified; aiid, as the account is finally found to stand, so will the responsibility of the defendant be. But if the complainant wishes to make him answerable in damages, either for the waste of the property pr for its disposal by the original proprietor by aid of the wrongful complicity of the defendant, he must sue for damages in an action at law.
 

 No account of the kind, or in the manner indicated, seems to have been taken at all. The suit was tried like an action for damages, and the jury were left to say, in brief, whether
 
 *616
 
 or not the complainants could have made their money on execution had it not been for the mortgage and assignment to the defendant. The jury answered that they could, and the defendant was made personally liable for the whole amount.
 

 Without attempting to decide whether the Territorial . legislature had or had not the power to legalize a verdict rendered by three-fourths of a jury, we think the proceedings were erroneous, and the decree must be reversed and the cause remanded for further proceedings
 

 In conformity with this opinion.