## CHARLESTON.

HINTON *v.* ELLIS *et al.*

Submitted January 15, 1886.—Decided February 6, 1886.

*(SNYDER, JUDGE, Absent.)

1. Where a suit was brought, and after more than three months had elapsed, the plaintiff sued out process to answer an amended bill, which so-called amended bill recited that an original bill had been filed, and asked that the so-called amended bill, which fully stated the grounds of complaint, should be substituted for the original bill, and the answers denied that any original bill had been filed, and fully answered the allegations and charges of the so-called amended bill, and a decree was pronounced thereon, the Appellate Court will not because of these facts reverse the decree and dismiss the said bill. (p. 425.)

2. Where A. conveys a tract of land to B. with intent to defraud his creditors, of which B. has notice, and B. conveys the land to C., an innocent purchaser, for a certain sum, which he pays to B., and which is proved by the evidence in the cause, and the court sets aside the deed from A. to B. for fraud and renders a personal decree for the amount with interest which B. received for the land ; held no error. There was no necessity for an account to see what the value of the land was, unless the appellant was dissatisfied with the value as fixed by B., as B is not prejudiced by being required to pay only what he received in fraud of the creditors of A. (p. 426.)

3. In a suit to subject land to the payment of a judgment-lien and to set aside deeds for fraud against the creditor it is the practice to decree that the costs of the suit shall be first paid out of the proceeds of the sale of the land. (p. 427.)

4. Where a suit has been brought to subject lands to the payment of a lien and to set aside fraudulent conveyances, where the report of sale has been made, and it is found there will not be sufficient money produced by the sale to pay the liens, expenses of sale and costs, for whatever costs remaining after providing for the payment of the liens and expense of sale, there should be rendered a personal decree against all the fraudulent grantors and grantees. (p. 427.)

*Hereford & Hereford* and *A. N. Campbell* for appellants.

*A. F. Mathews* for appellee.

*Counsel below.

JOHNSON, PRESIDENT:

This is an appeal from a decree of the circuit court of Summers county. The plaintiff, Hinton, was sheriff of the county, and Joseph Ellis, was his deputy. Ellis executed to his principal a bond with the defendants, J. R. Wiseman, Michael Smith, Fleming Saunders and Richard Woodrum, his sureties. An action had been brought by Hinton on said bond to recover for the default of Ellis; and judgment was on September 25, 1880, rendered against said deputy and his said sureties in favor of Hinton in the circuit court of Summers county for $3,507.82, with interest from that day and $392.15 costs. Pending said action, J. R. Wiseman, on September 12, 1879, conveyed valuable real estate to the defendant, Baldwin Ballard, who afterwards conveyed it to R. D. Shanklin. He also procured another valuable tract of real estate, to which he had the equitable title, to be conveyed to William Adair, Jr. Michael Smith also pending said suit conveyed his real estate to his brother, John Smith. This deed was made in March, 1879. Suit in equity was brought on April 2, 1881, to enforce the lien of said judgment against the real estate of said defendant and to set aside as fraudulent and void as to creditors the said deeds from Wiseman and Smith. No original bill appears in the record; but there is what is called an amended bill, which was filed, after summons to answer the same was issued and no doubt returned executed. The clerk in the transcript says no original bill was filed. Promptly at the August rules, to which the last summons was returnable, the amended bill was filed. The bill is very full. It recites, that plaintiff had filed an original bill, and prays "that this his amended and supplemental bill may be taken and read in connection with his said original bill and as part thereof or rather, the whole ground being herein gone over, as a substitute therefor," &c. The answers of the defendants were filed; and those of Smith and Wiseman denied the fraud charged, as well as the answers of the grantees in said deeds charged to be fraudulent. Depositions were taken on both sides.

The court by its decree of September 3, 1884, held the said deeds fraudulent as to creditors and subjected the said lands to the payment of the plaintiff's judgment except the

tract of land conveyed by Wiseman to Baldwin Ballard, and by him to R. D. Shanklin, holding Shanklin to be an innocent purchaser of said land; and, as he had paid Ballard, $1,236.00 therefor, the court entered a personal decree against said Ballard for the said $1,236.00, with interest thereon from the date of said conveyance, and decreed that, unless the said judgment should be paid within thirty days, commissioners therein appointed should sell the lands, upon a credit of six, twelve and eighteen months, except that so much cash in hand be paid as was necessary to pay the costs of the suit and expenses of the sale, &c.

From this decree and a former one, the defendants, Baldwin Ballard and William Adair, Jr., appealed.

One of the assignments of error in the petition is, that there is no proof, that Wiseman was guilty of fraud, or if he was, that the purchasers had any notice of such fraud. In the printed brief nothing is said about this assignment of error; but if there was it would not avail, as a careful scrutiny of the evidence must under the well settled rules of this Court as applied to fraudulent conveyances convince any one, that Wiseman did convey with a fraudulent intent to hinder, delay and defraud his creditors, and that the grantees had notice of such intent.

It is assigned as error, that no original bill was filed within three months after process was returned executed, and the defendants, Adair and Ballard, having demurred to the amended and supplemented bill and having relied upon the fact in their answers, that the original bill had not been filed, the cause stood dismissed at the end of three months after process returned executed. Adair in his answer says: "No original bill has ever been filed in this cause. Certain it is, that repeated searchings by the defendants counsel have been unavailing." He then proceeds to answer the amended and supplemental bill. Ballard in his answer says: "No bill except the so-called amended bill was ever filed or seen in this cause." He then proceeds to answer the allegations and charges of the bill.

In *Buchanan* v. *King's heirs*, 22 Gratt. 414, it was held, that it is the duty of the clerk to dismiss a suit, where the process is served and the bill is not filed in the time prescribed by

the statute.   But if the bill is filed before an order of dismissal is entered, and the defendant answer *without insisting upon a dismissal of the suit,* and consents to a hearing of the cause, he thereby waives the objection.   Here certainly the defendants did not insist upon a dismissal of the suit. They merely called attention to the fact, that the original bill was not on file.   In this cause the bill filed may be treated as an original bill, I presume the original bill had become lost from the file, and new process was issued returnable to August rules, 1882; and at that rule-day the so-called amended and supplemental bill was filed.   On its face it asks "the whole ground being gone over" that it may be substituted for the original.   No injury has been done to the defendants by hearing the cause on this bill, and it would be technical indeed to hold, that after the whole cause has been heard on a bill substituted for the lost original, the decree should be reversed and the suit dismissed.   The brief of the defendant is self destructive.   It insists that the answer of appellents denied, that any original bill had been filed, and yet contends that they ought to be permitted to see the original bill, as the amended bill was only a part thereof. The amended bill in this cause may be regarded as an original bill.

It is also assigned as error that the court rendered a personal decree against Baldwin Ballard for $1,643.88.   It is insisted, that, if any recovery was had against him it should have been ascertained by reference to a commissioner of the court for that purpose, or in a suit at law for damages. *Dunphy* v. *Kleinmuth*, 11 Wall. 610 is relied on to sustain this assignment of error.   That was a very different case from this. That was a suit equitable in its character, heard by a territorial court in Montana, tried before a jury, which found that the mortgage of Dunphy was executed and accepted for the purpose of covering up the property of E. & B. Morse, and delaying and preventing the collection of the demands against them.   The court in its decree, after stating the principal findings of the jury, set aside, as fraudulent, the mortgage of E. & B. Morse to Dunphy, and entered a personal decree against Dunphy for $35,737.00, the amount of the plaintiff's judgment, &c.   It is as if the court below in this

cause, when it declared that the deed to Ballard was fraudulent, had found from the testimony that Ballard had participated in the fraud and helped Wiseman to cover up his property, and that there had been no conveyance of the property by Ballard to Shanklin, and that the court had not subjected the property, but had given a personal decree against Ballard for the amount of the plaintiff's judgment. True, Mr. Justice Bradley, in 11 Wall. 615, says: " In an equitable proceeding of this kind a decree in the nature of a judgment for damages can not be rendered against the defendant, who is alleged to have taken a fraudulent assignment of the property." That is true; and it was not attempted in this case. The justice further says: "The decree against him must be a decree for an account. He must be called to account for just what properly has come into his hands, and no more; and he will be entitled under ordinary circumstances to a rebate for the amount that was justly and honestly his due." The court below did not violate the above recognized principle, but followed and applied it. The court would have sent the case to a commissioner for an account, had it been necessary. It was certainly proper, under all the authorities, that the case should be fully ended in the chancery court. It had jurisdiction on well settled principles; and, it is everywhere settled, that, where a court of chancery has jurisdiction, it will grant full relief and not turn the party over to his remedy at law for any part of the relief to which he is entitled.

The appellee assigns as error, that the court ought to have fixed the value of the land sold to Ballard at $2,500.00, the consideration named in the deed from Wiseman to Ballard. This would have been manifestly wrong. There was no evidence, save the recital in the deed, that any such sum was paid. If the appellee was not satisfied with the value paid for it by Shanklin to Ballard, as the proof shows, to-wit: $1,236.00, then the cause should have gone to a commissioner to ascertain the value of the land. But Ballard certainly can not complain that he is required to account for what he actually received and no more. Therefore he can not complain that the cause was not sent to a commissioner to ascertain the value of the land. But it is insisted that the

court erred in giving interest on the $1,236.00. It it was right to charge Ballard with the sum he received for the land, it was certainly right and proper that interest should be charged thereon, otherwise he would have profited by his fraud.

The appellee also assigns as error, that the costs by the decree were to be paid out of the proceeds of the real estate, and insists, that there ought to have been a personal decree for costs. The question of costs, as is well settled, would not give to a party the right of appeal; but it is also settled that, if the cause is before the court for other errors assigned, the decree for costs may be corrected. I see no objection to the decree of sale as to the question of costs. It provides that the defendants, the deputy and his sureties, shall pay the aggregate of the debt and costs of the suit at law, amounting at the date of the decree to $4,805.11, and also the costs of the suit. It also provides for a sale of the lands and requires the fraudulent grantor, Ballard, to pay what he received from the innocent purchaser Shanklin and the interest thereon. It provides, that the sale of the land shall be on a credit of six, twelve and eighteen months, except there shall be paid costs in hand sufficient to pay the " plaintiff's costs in this suit and the expenses of the sale." This is all right in this decree, because the lands sold may produce sufficient to pay the plaintiff's lien, the expenses of the sale and also the costs of the suit. But when the report of the sale is made, the court below can see precisely how much the proceeds will pay. If the proceeds are insufficient to pay the plaintiff's claim, the expenses of the sale and the costs of the suit, then for any deficiency of course there should be upon the confirmation of the sale, a personal decree rendered against the defendant-debtors for such deficiency after deducting from the proceeds of the sale the expenses of the sale; and if there has not been enough produced by the sale to pay the plaintiff's claim, the expense of the sale and the costs, whatever remains of the costs, should be decreed against all the defendants including the fraudulent grantors. This is right, because the fraudulent grantees have helped to increase the costs by their fraud, and they of course ought to help to pay the increased costs of litigation, which by their own acts they have produced,

Justice could not be done to the plaintiff, unless he could have if necessary a decree against all the defendants, fraudulent grantees, as well as grantors, who have combined to put upon him increased litigation in order to secure his rights.   And such decree being rendered, it is also proper for the court then to decree in the same order, that the expenses of the sale and the costs of the suit should be paid out of the cash-payment made at the sale.

There is no error in the decrees complained of to the prejudice of the appellants; and said decrees are therefore affirmed.

Affirmed.