# CHARLESTON.

ZELL GUANO CO. *et al. v.* HEATHERLY *et al.*

## Submitted June 9, 1898—Decided November 23, 1898.

FRAUDULENT CONVEYANCE—*Consideration-Rights of Grantee-Rights of Creditors.*

> On January 31, 1889, H. conveyed all his property, real and personal, to P., trustee, to secure his creditors named therein, in the order of priority named, including a debt of eight thousand one hundred dollars to C., to be the first paid after taxes, etc., which eight thousand one hundred dollars included an item of six thousand five hundred dollars in cash sent to wife of H. by C. at the time of the execution of the trust. On February 2, 1889, Z. G. Company instituted suit to set aside the trust as fraudulent and void as to the eight thousand one hundred dollars secured to C., in which suit the plaintiff was successful, H. and C. were adjudged to pay the costs of the suit, and all the property conveyed in the trust was sold, and proceeds paid to the creditors entitled to it, to the exclusion of C.'s claim, which was remitted to the foot of the list of creditors to be last paid. On the 8th of January, 1891, and before final decree in the cause, H.'s wife returned to C. six thousand and twenty-five dollars of the identical money, in the same papers in which she had received it two years before from C., having kept it intact. In January, 1897, Z. G. Co and others, creditors of H., filed their amended bill, alleging that the six thousand and twenty-five dollars so returned to C. was the property of H., and as such liable to their debts, and praying that C. be required to pay it into court, and that it be applied to their debts against H. *Held*, that the circuit court did not err in dismissing said amended bill.   (p. 318).

Appeal from Circuit Court, Barbour County.

Bill by the Zell Guano Company and others against Samuel J. Heatherly and others.   A decree was entered, from which plaintiffs appeal.

*Affirmed.*

Samuel V. Woods, for appellants.

W. T. Ice and Dayton & Dayton, for appellees.

McWhorter Judge:

Samuel J. Heatherly, having become involved in debt beyond his ability to pay out, on the 31st day of January, 1889, executed a deed of trust conveying all his lands and personal property to Melville Peck, in trust to secure the debts specifically set forth in the trust deed, among which was a debt of eight thousand one hundred dollars to J. N. B. Crim, as third in order of priority; the first being for taxes, and the second for purchase money on one of the tracts of land conveyed in the trust deed, for which there was also a vendor's lien.    On the 2d of February, 1889, the Zell Guano Company instituted suit in the Circuit Court of Barbour County to set aside the said deed of trust as fraudulent and void as to the said debt to Crim of eight thousand, one hundred dollars, because said debt was alleged to be fictitious, and that said trust was made with intent to hinder, delay and defraud the plaintiffs and other creditors of said Heatherly.    Said debt of Crim was made up, among other items, of six thousand five hundred dollars in cash loaned at time of execution of trust deed.    At the hearing of the cause, the court held that the said trust deed was made with intent to hinder, delay, and defraud plaintiffs and other creditors, and was therefore fraudulent and void, and that the trustee, Peck, had full knowledge thereof at the time it was executed, and the same was set aside and held for naught; and upon appeal to the Supreme Court the same was reversed, in so far as it held that the trustee had notice of the fraud, and set aside the trust *in toto*, but it was held that it was made with fraudulent intent, and was void, as to the said debt of eight thousand one hundred dollars secured to Crim, which debt was remitted to the foot of the list of debts, and placed in a new class, No. 8, to be paid last in the order of priority. The Supreme Court found (38 W. Va., 409, 434, 18 S. E. 611) that the loan of six thousand five hundred dollars was fictitious, being only intended to help defendant Heatherly to put that much of his property beyond the reach of his

creditors; the identical money, in the same packages (except four hundred and seventy-five dollars), being returned to defendant Crim on the 8th of January, 1891. He contemplated, when it was loaned, that some of it should be used by Heatherly in satisfying certain liens against the property embraced in the deed of trust, but for some reason this purpose was not carried out; perhaps because, before all the money loaned was paid over to Heatherly, this suit assailing the deed of trust was instituted. The cause was remanded to the circuit court, and proceedings had therein whereby the land was sold, and sale confirmed by decree of May 23, 1896, in which the debts due to the creditors were decreed to be paid to them, and the question reserved for the future order of the court whether the said Crim should be required to pay into court for the benefit of the plaintiffs the said six thousand and twenty-five dollars, theretofore received by him on the 8th day of January, 1891, from Helen A. Heatherly.

At the January rules, 1897, the Zell Guano Company and other creditors of Heatherly filed their bill, praying that it be treated as an amended bill in the original cause, setting forth the whole transaction and the proceedings thereon and alleging that said six thousand and twenty-five dollars was the property of Samuel J. Heatherly; that it was in *custodia legis* at the time it was received by Crim from Mrs. Heatherly, on January 8, 1891, and that it was a trust fund, which the said Crim had no right to receive and apply upon a debt which was charged to be fraudulent, and was adjudged to be fraudulent and fictitious, and that the application thereof upon the said debt of eight thousand one hundred dollars was a flagrant disregard of the process of the court, and a contempt of its decrees and, in effect, allowed said Crim to have priority of payment upon the eight thousand one hundred dollar debt for six thousand and twenty-five dollars out of the estate of said Samuel J. Heatherly, and praying that said Crim be required to pay to plaintiffs so much of said sum of six thousand and twenty-five dollars, with interest thereon, as might be necessary to satisfy their several debts; that the said money so in his hands might be treated as a trust fund in the custody of the court, subject to its orders; and

that the application thereof sought to be made by the said Crim be set aside, and for general relief.

On the 27th day of February, 1897, the defendants J. N. B. Crim, Samuel J. Heatherly, and Helen A. Heatherly entered their demurrer to said amended bill, in which plaintiffs joined, and the demurrer, being argued, was sustained by the court, and the said bill was dismissed, and judgment rendered for defendants for their costs. On the 28th of April, 1897, plaintiffs caused notice in writing to be served on the defendants S. J. Heatherly, J. N. B. Crim, Helen J. Heatherly, wife of S. J. Heatherly, James E. Heatherly and M. Peck, trustee, reciting the decree of June —, 1896, ascertaining the amounts due them, respectively, on their claims, after the application of the proceeds of the sale of all real and personal property owned by said two Heatherlys, and that it was contended by the plaintiffs that a certain fund of six thousand and twenty-five dollars, received by said Crim during the progress of the suit, from the wife of Samuel J. Heatherly, was the property of said Samuel J. Heatherly, and was received by said Crim in fraud of the rights of his creditors, and that said fund, with interest thereon from January 8, 1891, constituted a trust fund in the hands of Crim, justly applicable in equity to the payment of plaintiffs' claims; and that by said decree of the 6th of June, 1895; and on the ——day of June, 1896, the court reserved for future determination and decree all questions touching their right to compel Crim to pay said fund into court to be applied to the payment of their claims, as to which questions the said cause was still pending in said court, said questions undetermined, and their claims yet unpaid, although said fund in the hands of Crim was applicable to their relief, and they were notified that on the 29th of May, 1897, plaintiffs would move said circuit court of Barbour County, then in session, to decide and determine said reserved questions, and compel the said Crim, by a proper decree, to pay said fund, with interest, into court, to the relief of plaintiffs, together with costs in said suit. On the 4th day of June, 1897, the cause was heard upon the papers heretofore read; former orders and decrees; the amended bill and the decrees therein; upon the notice and motion of plaintiffs and as-

sailing creditors mentioned therein, to compel the defendant J. N. B. Crim to pay into court, to the relief of the assailing creditors mentioned in the said notice, the six thousand and twenty-five dollars, with interest thereon, obtained by said Crim from Helen A. Heatherly on the 8th of January, 1891, together with the costs of the origina cause; and upon the demurrer of J. N. B. Crim, M. Peck, trustee, Samuel J. Heatherly, Helen A. Heatherly, and James E. Heatherly to the said notice; and upon argument of counsel,—when the court held that plaintiffs and assailing creditors mentioned in the notice were not entitled to the relief therein sought, and that said Crim was not liable to them, or any of them, for the said six thousand and twenty-five dollars, or the interest thereon, but that said Crim and Samuel J. Heatherly were liable to plaintiffs and assailing creditors for the costs of the original cause and petitions in that court, and decreed accordingly; from which decree the plaintiffs appealed to this Court, assigning the following errors: "First. It was error in the court below to refuse them relief or to pass on the question at the time as to their right to charge the $6,025 by the decree of May 30, 1896, and to reserve the same for the future order of the court, when the pleadings were then made up, and the trust estate all sold and reported to the court, because in the meantime two years elapsed, and it was too late to appeal from that decree. Second. It was error in the court below to sustain a general demurrer, no grounds being assigned, to the amended bill, and to dismiss the same, denying them, and each of them, any and all relief as to their right to charge the $6,025. Third. It was error in the court below to refuse them, and each of them, any and all relief in the original cause upon the notice given in respect to their right to have the $6,025 brought into court andcharged with their respective debts."

It is earnestly contended by appellants that, when this money (the six thousand and twenty-five dollars)was sent to Mrs. Heatherly, it became at once the property of Samuel J. Heatherly, and he could have used it as was contemplated by Crim when he let him have it. As stated in the opinion in 38 W. Va., 434 (18 S. E. 611): "He [Crim] contemplated that when it was loaned some of it should be

used by Heatherly in satisfying certain liens against the property embraced in the deed of trust, but for some reason this purpose was not carried out; perhaps because, before all the money loaned was paid over to defendant Heatherly, this suit assailing the deed of trust was instituted." Yet he did not use it in this or any other way, nor treat it as his own property, but kept it intact, and returned the identical money to Crim, which he received from him, in the same paper in which he received it, as shown by plaintiffs' amended bill and by the record. If the money had been so applied, under the decisions, such use of it would have redounded to the interest and benefit of the assailing creditors; and very properly so, because the payment by Crim would have been a voluntary payment, in furtherance of a fraudulent transaction, intended to defeat the creditors who were entitled to the benefit of all the property of the debtor, and Crim could not have been subrogated or substituted to the rights of such lien creditors, *Bank* v. *Wilson*, 25 W. Va., 242; *Fullerton* v. *Viall*, 42 How. Prac., 294. But it was not so applied, and can the creditors of Heatherly complain that it was not? The creditors being entitled to all the property that Heatherly owned, the transfer of it to prevent them having the benefit of the proceeds thereof was illegal and it was so held by the court, the trust deed was set aside, all the property sold, and the proceeds paid to the parties entitled to receive it. Crim was engaged with Heatherly in attempting to defraud his creditors. They were overtaken in their scheme. Their efforts came to naught. The property they were seeking to place beyond the reach of the creditors of Heatherly was all subjected to the debts for which it was liable, and Crim and Heatherly adjudged to pay the costs in undoing what they had vainly attempted to do, and the claim of Crim was removed from its place in the order of priority, and remitted to the foot of the list, to be last paid of all claims secured.

This case is different from any case cited by counsel for appellants (which I have carefully examined), or which I have been able to find, in that it is a contest over the thing itself, given in consideration of the execution of the fraudulent deed of trust, for its security, after the setting aside

as fraudulent of the trust deed and all the property conveyed in said trust deed has been disposed of and applied to the benefit of the just creditors.    The cases cited go no further than to restore to the creditors the property attempted to be placed beyond their reach, or, in case it has gone into the hands of an innocent purchaser, its value. *Hinton* v. *Ellis,* 27 W. Va., 422; *Ringold* v. *Suiter,* 35 W. Va., 186, (13 S. E. 46).    In *Baldwin* v. *June,* 68 Hun., 284 (Syl.), (22 N. Y. Sup. 852) it is held that "when a conveyance by a judgment debtor is set aside as in fraud of creditors, in an action in the nature of a creditors' bill, it should be retained as security to the grantee (although said grantee is affected with knowledge of the fraudulent intent with which it was executed) for so much of the consideration therefor as is represented by land conveyed to the grantor in exchange therefor, which, by reason of such conveyance to the judgment debtor, is made subject to, and the proceeds of which are applicable in satisfaction of, plaintiffs' judgment.    Such security, however, is not to be extended to an antecedent indebtedness of the grantor to the grantee included in the consideration for the conveyance."    In this opinion, the judge who rendered it says: "I am aware that it has been frequently held that payments made by a fraudulent vendee upon the purchase of property cannot be recovered back or be allowed to him in a judgment setting aside a conveyance which was fraudulent; that he, being a guilty participant in the fraud, was entitled to no relief from the court.    But these decisions are founded upon the theory that the rights of the creditors would be impaired by the allowance of such payments. *    *    *    The refusal to reimburse for moneys paid in such a case is not for the purpose of punishing a party because of his wrongdoing, but is for the purpose of preserving the rights of the creditors to the extent that they would have been, had the conveyance not been made."    In *Bank* v. *Halsted,* 134 N. Y. 520 (Syl.,) (31 N. E. 900): "Where a transfer of personal property is set aside as fraudulent as against the creditors of the transferror, in an action brought by them, and it appears that prior to the transfer the property was pledged to secure a valid debt to a party in no wise connected with the fraud, and that

the fraudulent transferee simply received the surplus of the avails of the sale of the property after deducting the amount of the debt, the creditors are not entitled to recover of him the full value of the property, but simply the value of the interest transferred, i. e. the value of the property, deducting the amount of the debt. However scandalous the fraud may be, a court of equity has no power to award judgment for a sum exceeding that value in order to punish the party for his wrongdoing."

In the case at bar it is insisted that not only the property fraudulently conveyed shall be restored to the pursuing creditors, as has been done, and the proceeds all applied to their debts, and Crim adjudged to pay the costs of their proceeding to set aside the trust deed, but that the money loaned by Crim to Heatherly, and secured by the trust deed, shall be forfeited to their benefit; thus not only having the benefit of all the property they were ever entitled to, to satisfy their debts as far as it would, but having their security increased by this sum of six thousand and twenty-five dollars, which came to the possession of Heatherly without consideration, which he never converted to his own use, and which never entered into or became a part of his estate. Suppose the court had required this sum to be paid into court, how could it have been disposed of? Surely, it could not have been paid out to the creditors of Heatherly, for they had already received the benefit of all his property, and they had no claim against Crim, after defeating his claim, to any interest in Heatherly's property; and the money having been placed in the hands of Heatherly by Crim in their fraudulent effort to place the property of Heatherly out of the reach of his creditors, and Heatherly not having converted it to his own use, but kept it intact, it was hardly a subject-matter to be disposed of by decree of the court. I see no error in the decree, and the same is affirmed.

*Affirmed.*