(75 App. Div. 588.)

### SKILLIN v. MAIBRUNN et al.

(Supreme Court, Appellate Division, First Department. November 7, 1902.)

1. BANKRUPTCY—FRAUDULENT CONVEYANCE—SUIT TO SET ASIDE—BONA FIDE PURCHASER—RIGHTS.
   Where, in a suit by a trustee in bankruptcy to set aside a fraudulent transfer of realty by the bankrupt, the property had been conveyed to a bona fide purchaser by the bankrupt's grantee before the commencement of the suit, a judgment, though in favor of plaintiff for the value of the property, should not provide that the conveyance from the bankrupt be set aside, inasmuch as the title of the bona fide purchaser is thereby clouded.

2. SAME—MONEY JUDGMENT.
   In a suit in equity by a trustee in bankruptcy to recover realty fraudulently transferred by the bankrupt, and for general relief, it appeared that the bankrupt's grantee had conveyed to a bona fide purchaser before commencement of the action. *Held*, that the fact that the sale could not be set aside did not require the court to dismiss the action and remit plaintiff to his remedy at law for damages, but that it had jurisdiction, under the prayer for general relief, to render judgment for damages against the fraudulent grantee.

   Van Brunt, P. J., and McLaughlin, J., dissenting.

Appeal from special term, New York county.

Action by Augustus H. Skillin, as trustee in bankruptcy of David Maibrunn, against David Maibrunn and another. From a judgment for plaintiff, defendants appeal. Modified.

The complaint avers that the defendant David Maibrunn was adjudicated a bankrupt on January 21, 1901, and the plaintiff appointed his trustee in such proceedings; that prior thereto, and for the purpose of cheating and defrauding his creditors, he conveyed to his father, the defendant Henry Maibrunn, certain property on Grove street; that there was a secret agree-

ment that the legal title should be held in trust by the father for the benefit of the son, and that the latter is in the actual possession of the premises. Judgment was asked that the deed be déclared fraudulent and set aside; that the premises be sold for the benefit of the creditors existing at the time of the adjudication in bankruptcy; that the defendants account for the rents and profits thereof, and "for such other and further relief as may be just." On the trial it appeared that Henry Maibrunn had originally owned the property, and in 1892 had given it to his son, and it was deeded back to him on July 20, 1898, and sold by Henry Maibrunn on April 26, 1901, before the commencement of this action, to a bona fide purchaser. Further, it was testified that at the time it was reconveyed the son was liable as bondsman for one who had absconded, of which notice had been given him. The alleged consideration for the reconveyance was an indebtedness from the son to the father for moneys loaned between 1895 and 1898, but of such moneys no notes, checks, receipts, or other vouchers appear, and the claim is sustained only by the testimony of the father and son, which is at variance, and differs from that which they had given previously in the bankruptcy proceedings. It is, moreover, full of contradictions, and gives no satisfactory and consistent statement of the sums loaned and the times they were received, nor of what became of the books, vouchers, checks, and other evidence of the indebtedness. They do state, however, that the money was loaned from time to time to pay creditors, and with the understanding that it need not be repaid unless the son was able to do so, and that it was agreed when the property was reconveyed that the son should occupy it, and pay no rent other than to keep the interest on the mortgage and the taxes paid, just as he had previously done. Upon the evidence the special term gave judgment "setting aside the conveyance of the premises," and appointing a referee for the purpose of determining the actual value of the premises on April 26, 1901, and that the plaintiff recover the sum so found, less any mortgage or incumbrance. From the judgment thus entered, the defendants appeal.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Jacob Fromme, for appellants.

Charles Goldzier, for respondent.

O'BRIEN, J. Upon the trial it appeared that before this action was commenced the property had been conveyed by the defendant Henry Maibrunn to a bona fide holder for value. It was expressly found that the conveyance from the son to the father was in fraud of creditors; and, as it was no longer possible to have the real estate turned over to the plaintiff, the court awarded the only appropriate relief which upon the facts could be given, namely, that the defendant, who received the proceeds upon the sale, should account therefor to the plaintiff for the benefit of creditors.

In form, the judgment appealed from directed that the defendant should pay to the plaintiff, the trustee in bankruptcy, the value of the premises as of the date of sale, less any lawful incumbrance. It also adjudges that the deed from the son to the father "should be set aside." This latter provision was not only unnecessary, but was unjustified. The title to the property, being good in the hands of the bona fide purchaser, should not be impaired or clouded by such a provision, and in the interests, therefore, of the innocent purchaser, it should be stricken from the judgment.

The main contention of the appellants is that the judgment is bad because it awards relief not expressly asked for in the complaint, and which it is insisted could only be obtained, if at all, in a court of

law.　The general rule that where at the time the action is commenced the court would not, because of change of title in the property or for other cause, award equitable relief, equity will not retain the action for the purpose merely of granting legal relief.　This question has many times been presented in the elevated railroad cases, which in form are suits in equity for an injunction and damages. Where, in such an action, it has appeared that the plaintiff had parted with the real estate so as not to be entitled to equitable relief, there the court has refused to retain the action merely for the purpose of assessing damages which ordinarily are recoverable in actions at law.　That rule, however, is not applicable in the case at bar.　There is a broad distinction to be observed between the treatment that will be accorded by a court of equity to a plaintiff who comes into that forum with complete knowledge of the facts and in full control and possession of the property with respect to which he seeks relief and that occupied by a trustee for creditors who necessarily, to some extent, is ignorant of the true situation, and is compelled in a measure to grope in the dark to find the facts connected with the property sought to be reached.

Here the plaintiff had, when the action was commenced, assuming the allegations of the complaint could be sustained, an appropriate action in equity to reach the property of a debtor which had been fraudulently transferred, and which it was then thought was in the hands or possession of the fraudulent transferee.　Upon the trial, however, it appeared that before the commencement of the action the latter had transferred it to an innocent purchaser.　The question, therefore, presented, is as to whether upon this fact appearing the court of equity was devested of jurisdiction, and should have remitted the plaintiff to his action at law.　The complaint proceeded upon the theory that the debtor had transferred real estate which was then in possession of the fraudulent grantee, and the relief sought was the setting aside of the deed, and the obtaining of a decree awarding the property to the plaintiff as trustee for the benefit of creditors.　It also contained a general prayer for relief, and, although the special relief asked for could not be given, it will be found that such as was accorded was not inconsistent, and was entirely appropriate.

In other words, the fact appearing that the property had changed its form did not change the action from one in equity to one at law. The object and purpose of the actions was to reach property of the debtor, and, although the identical property received had been sold, this was not a bar to reaching the proceeds thereof in the hands of the one who held it in fraud of creditors.　Where real estate or personal property, either goods or money, is fraudulently transferred to a third person, as against the latter the appropriate form of action to reach the property, or its proceeds, if sold, is a suit in equity. The change in the form of the property from real estate to money did not, therefore, take away or change the remedy which the plaintiff as trustee for the benefit of creditors had as against the person illegally and fraudulently holding and retaining property of the debtor.

The mere fact that real estate so transferred by the debtor has been converted into money did not prevent the court from granting the

plaintiff relief, nor did it change the forum in which such relief may properly be obtained. As said in Rogers v. N. Y. & T. L. Co., 134 N. Y. 197, headnote: "The complaint conveyed a prayer for general relief. Held that, after an answer was interposed, plaintiffs were entitled to any relief warranted by the facts proved, consistent with those alleged, and not hostile to the pleader's theory of the action, although not precisely conforming thereto." And in Baily v. Hornthal, 154 N. Y. 648, 49 N. E. 56, 61 Am. St. Rep. 645, it was said: "A court of equity may adapt its relief to the exigencies of the case, and, when nothing more is required, may order a sum of money to be paid to the plaintiff." In the present case, the defendant Henry Maibrunn, having received moneys from the sale of real estate which had been fraudulently transferred to him, is in the position of a trustee ex maleficio for the benefit of the creditors of the bankrupt, and as such is liable, together with the debtor, for the property belonging to the creditors of which he has in this manner become possessed. This was expressly held in Valentine v. Richardt, 126 N. Y. 272, 27 N. E. 255, where real estate had been fraudulently transferred and resold by the transferee, and the relief demanded was that the conveyance be set aside, and "for such further or different judgment or relief as may be just," and judgment was entered against the one who had sold the property for its value at the time it was conveyed to him, "he being a trustee ex maleficio." It was therein said:

"The plaintiff had the right to call upon Richardt to restore to him the property the possession of which had been acquired under a voidable conveyance. But the fraudulent grantee, by his own act in conveying the land to a purchaser in good faith and without notice, has prevented the plaintiff from recovering the land; and under such circumstances it is but just and equitable that he should restore to the plaintiff its equivalent in money, not as damages, but as a substitute for the land itself. * * * The court could render any judgment in the case consistent with the facts stated in the complaint and embraced within the issue."

This action, therefore, having been brought in equity, and the purposes or object of the action being the same, namely, to recover property fraudulently transferred, the court had the right to award the appropriate relief which here was in the form of a money judgment, it having appeared upon the trial that the land itself had been sold.

Upon the subject of the fraud, we think the record sustains the finding that the purpose of the transfer was to avoid the payment of creditors. Our conclusion, therefore, is that the judgment should be modified by striking out the provision declaring that the conveyance between the son and father be set aside, and as so modified the judgment should be affirmed, with costs.

LAUGHLIN, J., concurs. PATTERSON, J., concurs in result. VAN BRUNT, P. J., and McLAUGHLIN, J., dissent.