### HOSMER v. TIFFANY et al.

(Supreme Court, Appellate Division, First Department. February 21, 1908.)

1. FRAUDULENT CONVEYANCES—CONSIDERATION—"ANTENUPTIAL AGREEMENT."

Loose talk by a man that he would furnish a home and give the furniture to his intended wife if she would marry him at once was not a sufficient antenuptial agreement to form consideration for the transfer as against his creditors.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 24, Fraudulent Conveyances, §§ 236–242.]

2. SAME—JUDGMENT—RELIEF AGAINST TRANSFEREE.

A judgment setting aside the transfer of personal property as being in fraud of creditors was improper in so far as it charged the transferee with the value of the use and enjoyment of the property which was still in her possession, and capable of redelivery; such property not being of the character which is usually let for hire.

3. SAME—IMPAIRMENT OF VALUE.

A judgment setting aside a transfer of personal property as fraudulent properly charges the transferee with the amount of the depreciation of the value of the property from its use by such transferee, and for the property which has been disposed of or used and cannot be redelivered.

Appeal from Special Term, New York County.

Action by Edward S. Hosmer, as trustee in bankruptcy of Burnett Y. Tiffany, against Burnett Y. Tiffany and another. From a judgment for plaintiff, defendants appeal. Modified and affirmed.

See 54 Misc. Rep. 402, 105 N. Y. Supp. 1055.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Abraham Tulin, for appellants.

L. M. Berkeley, for respondent.

HOUGHTON, J. The action is to set aside as fraudulent certain transfers of personal property made by the defendant Burnett Y. Tiffany to his wife, the defendant Lucille. The finding of the court that the various transfers were fraudulent and void as to the creditors of Burnett, and that his wife participated in the fraud, was a proper one, and could not well have been otherwise. The court very properly could have gone further, and found as matter of fact that no antenuptial agreement was ever made. The loose talk that Burnett would furnish a home and give the furniture to his intended wife if she would marry him at once hardly rose to the dignity of an antenuptial agreement. As found by the court, however, such agreement formed no consideration for the transfer as against the creditors of Burnett.

The form of the judgment in our opinion is improper in so far as it charges the defendant Lucille A. Tiffany with the value of the use and enjoyment of the property from the time of the commencement of the action. It was personal property that was transferred. Had it been real estate, the rental value would have been proper. It being personalty and still in her possession and capable of redelivery, she is accountable only for its depreciation in value through her use of it. She may be able to deliver to the plaintiff some portion of it undamaged and unimpaired by her use. This is all the plaintiff can demand. Much of the property is not of the character which is usually let for hire or rented, and has no ordinary rentable value. If by use or otherwise she has impaired its value, she is accountable for the depreciation. Where a fraudulent transferee has mortgaged the property transferred to him to an innocent mortgagee, thus creating a valid lien, he is accountable for such impairment of value. Salt Springs Nat. Bank v. Fancher, 92 Hun, 327, 36 N. Y. Supp. 742. There seems to be no reason why the same rule should not be applied to impairment of value of personal property in any manner. As to that part of the property, if any, which she has disposed of or used up and cannot redeliver, the judgment properly charges her with the value.

The judgment should be modified by striking out that part of it requiring Lucille A. Tiffany to pay to the plaintiff the value of the use and enjoyment of the property from the time of the commencement of the action, and inserting in place thereof a provision that she pay such sum of money as shall represent the depreciation of the value of the property from its use by her, or otherwise, and, as so modified, the judgment should be affirmed, without costs. All concur.