MALLOUK v. AMERICAN EXCHANGE NAT. BANK et al.

(Supreme Court, Appellate Division, First Department. July 10, 1913.)

1. FRAUDULENT CONVEYANCES (§ 314*) — LIABILITY OF GRANTEE — PERSONAL LIABILITY.

A bank which received a mortgage in the form of an absolute deed to secure notes given to it under a composition agreement with a bankrupt, and thus secured a preference over other creditors, is not liable to the other creditors for the difference between the value of the premises and the prior mortgages thereon, even though the conveyance was fraudulent as to them, where it appears that the bank was never in possession, and the property has been sold under foreclosure of a prior mortgage for less than the amount of that mortgage, since the holder of a collateral security is not obligated to pay prior liens upon the property.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 972; Dec. Dig. § 314.*]

2. FRAUDULENT CONVEYANCES (§ 314*) — PERSONS LIABLE — PERSONAL LIABILITY OF GRANTEE—DEPRECIATION OR SALE OF THE PREMISES.

In an action to set aside a fraudulent conveyance, equity may award a money judgment against the grantee where he has depreciated the value of the property or put it out of his power to reconvey by a sale thereof.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 972; Dec. Dig. § 314.*]

3. FRAUDULENT CONVEYANCES (§ 252*)—REMEDIES OF CREDITORS—PARTIES—PLAINTIFFS.

One creditor cannot sue another to set aside a conveyance on the ground that it constituted a preference in violation of a composition agreement without suing on behalf of all creditors similarly situated, since otherwise the judgment would amount to a preference in his favor.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 739; Dec. Dig. § 252.*]

Appeal from Special Term, New York County.

Action by Elias N. Mallouk against the American Exchange National Bank and others. From a judgment for plaintiff (75 Misc. Rep. 285, 135 N. Y. Supp. 78), the American Exchange National Bank appeals. Reversed, and complaint dismissed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Edgar J. Nathan, of New York City, for appellant.
David J. Gallert, of New York City, for respondent.

McLAUGHLIN, J. On the 11th of August, 1909, Alexander Yamin and Thomas Rahaim, composing the firm of Rahaim & Malhami, were adjudged bankrupts. Shortly thereafter a composition agreement was submitted to their creditors, including the appellant the American Exchange National Bank. The agreement provided for a settlement upon a basis of 25 per cent.—10 per cent. in cash and 15 per cent. in notes—half of which were payable in six months and half in one year. The composition agreement was signed on the 28th or 29th of October, 1910, and shortly thereafter the bankrupts conveyed certain real estate in the city of New York to one Rush, a representative

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the bank, and at the same time gave to it the notes, together with other notes representing 25 per cent. additional of its claim. Rush immediately thereafter executed and delivered to the bank a declaration of trust stating that he held the conveyance merely as collateral security for the payment of the notes, and that he had no personal interest in the same. The conveyance to Rush was subject to a first mortgage of $30,000 and to a second mortgage of $8,000, and at the time the composition agreement was signed and the conveyance delivered an action was pending to foreclose the first mortgage. On the 19th of March, 1910, an action was also commenced to foreclose the second mortgage and a receiver of the rents was on application of the plaintiff appointed. On the 10th of May, 1910, the action to foreclose the first mortgage was discontinued. The action to foreclose the second mortgage was prosecuted to judgment, under which a sale was had on the 24th of October, 1910; the plaintiff purchasing the same subject to the first mortgage for $12,750. After paying the amount due on the mortgage, together with the costs and expenses of the sale, there was a deficiency of $352.50. The notes given to the creditors were not paid. Certain of the creditors brought actions upon them against the bankrupts, and having procured judgments assigned them to the plaintiff, who thereupon brought this action to set aside the conveyance to Rush, and for an accounting, on the ground that the same was fraudulent as to him, since the giving of the additional notes and the conveyance were in pursuance of a secret arrangement or understanding with the bank to induce it to sign the composition agreement.

At the trial the foregoing facts appeared, and in addition thereto that the appellant never received anything by reason of the conveyance. Notwithstanding that fact the court found the value of the premises conveyed at the time of the conveyance was $6,500 over and above the two mortgages, and the rental value intermediate the conveyance and the appointment of the receiver in the foreclosure action, $252.47, that the conveyance as to the plaintiff was fraudulent, and since Rush was not in a position to reconvey by reason of the sale under the judgment of foreclosure, plaintiff was entitled to judgment against the bank for the above amounts, together with interest on $6,500 from the date of the conveyance. Judgment was thereafter entered for this amount, from which the bank appeals.

[1] I am of the opinion the judgment appealed from should be reversed. The conveyance, though in the form of a deed, was in fact a mortgage given as collateral security for the payment of the notes. Such mortgage was subordinate to the two prior ones; and, if it be assumed that it was in fact fraudulent as to the plaintiff, nevertheless it did him or his assignors no injury whatever. The bank never took possession of the property, never did anything to depreciate its value, and never received anything from it. The mortgage, so far as the bank and all the other parties were concerned, was a nullity—the prior liens entirely exhausting whatever value the land had. One who holds property, either real or personal, as collateral security for the payment of a debt, is not obligated to pay prior liens thereon, or in default

thereof be held liable to respond in damages for the difference between the value of the property at the time he takes it and what it subsequently brings to satisfy such prior liens.

[2] It is true that in an action to set aside a fraudulent conveyance a court of equity may award a money judgment against a fraudulent grantee, provided he has, by some act of his own, depreciated the value or by sale put it out of his power to reconvey. In such case the judgment may be either for the value of the property at the time of the conveyance, or for the proceeds received by the grantee when he disposed of it. Valentine v. Richardt, 126 N. Y. 272, 27 N. E. 255; Hamilton National Bank v. Halsted, 134 N. Y. 520, 31 N. E. 900, 30 Am. St. Rep. 693; Decker v. Decker, 108 N. Y. 128, 15 N. E. 307; Skillin v. Maibrunn, 75 App. Div. 588, 78 N. Y. Supp. 436, affirmed 176 N. Y. 588, 68 N. E. 1124.

In the case before us the bank did nothing to depreciate the value of the property covered by the conveyance to Rush, nor was the sale under the mortgage foreclosure in any way attributable to it. Obviously, under such circumstances, a money judgment against it is improper. Wasey v. Holbrook, 141 App. Div. 336, 125 N. Y. Supp. 1087, affirmed 206 N. Y. 708, 99 N. E. 1119; Hamilton National Bank v. Halsted, supra; Loos v. Wilkinson, 113 N. Y. 485, 21 N. E. 392, 4 L. R. A. 353, 10 Am. St. Rep. 495; Dunphy v. Kleinschmidt, 78 U. S. (11 Wall.) 610, 20 L. Ed. 223; Hosmer v. Tiffany, 124 App. Div. 287, 108 N. Y. Supp. 943. It got nothing by the conveyance, and therefore there is nothing for which it can account.

[3] I am also unable to see how the plaintiff is in a position to maintain the action; even if it be assumed that the bank did receive something of value. The action is brought, not on behalf of the plaintiff and other composition creditors similarly situated, but solely for the benefit of the plaintiff. He seeks to set aside the conveyance on the ground that the bank received a preference over the other creditors who entered into the agreement, and yet he is endeavoring to do the same thing by a judgment of the court.

On both grounds, therefore, I am of the opinion the judgment appealed from should be reversed, with costs, and the complaint dismissed, with costs. All concur.