## IRVING TRUST CO. v. CONTE.

District Court, S. D. New York.
July 6, 1937.

I. Arnold Ross, of New York City, for plaintiff.

McKennell & Tepp, of White Plains, N. Y., for defendant.

PATTERSON, District Judge.

The suit is brought by a trustee in bankruptcy to recover property transferred as a preference. In the main it is a typical case of voidable preference. The trustee proved on the trial that the bankrupt corporation transferred real estate to a creditor within four months of bankruptcy, at a time when it was insolvent, and that the creditor or her husband acting in her behalf had reasonable cause to believe that the transfer would affect a preference. The only point in the case arises from the fact that the real estate, worth $1,200 at the time of the transfer, over and above the mortgage then on it, depreciated in value to an extent that when the mortgage was foreclosed a year or two later the defendant realized nothing. She had realized nothing from it prior to foreclosure. The suit was brought some years later, the trustee demanding a reconveyance of the property and demanding payment of its value in case the defendant should have disposed of it meanwhile.

By the Bankruptcy Act the trustee, in case of voidable preference, "may recover the property or its value" from the

transferee. Section 60b, as amended, 11 U.S.C.A. § 96(b). The text indicates that the trustee has the election whether to recover the property or to recover the value at the time of transfer; suit to recover the property being one in equity (barring cases where the property transferred is money), and suit to recover the value being one at law. Hotchkiss v. National City Bank, 200 F. 287, 294, 295, D.C.N.Y., affirmed Ernst v. Mechanics' & Metals Nat. Bank, 2 Cir., 201 F. 664; National City Bank v. Hotchkiss, 231 U.S. 50, 34 S.Ct. 20, 58 L.Ed. 115; Anderson v. Dater, 18 F.2d 987, D.C.Mich.; Levy v. Rendle Contracting & Dock Bldg. Co., 9 F.Supp. 1009, D.C.Mass.

Where the trustee sees fit to sue in equity to recover the property and it develops that the transferee has disposed of the property or has damaged it, the trustee should have personal judgment against the transferee for the value, McElvain v. Hardesty, 8 Cir., 169 F. 31; but if the property has remained with the transferee and has merely depreciated in value through no act of his, the trustee, having elected to recover the property rather than the value, may not hold the transferee liable personally for the value. Hotchkiss v. National City Bank, supra.

The situation is the same as where a trustee brings suit to set aside a transfer in fraud of creditors under section 70e of the act, as amended, 11 U.S.C.A. § 110(e). In such cases the transferee is answerable for the value where he has disposed of or injured the property; otherwise the trustee is entitled to no more than a return of the property transferred and an accounting of the income from it. Dunphy v. Kleinschmidt, 11 Wall. 610, 20 L.Ed. 223; Wasey v. Holbrook, 141 App.Div. 336, 125 N.Y.S. 1087, affirmed 206 N.Y. 708, 99 N.E. 1119; cf. Buffum v. Barceloux Co., 289 U.S. 227, 235, 53 S.Ct. 539, 542, 77 L.Ed. 1140. So it is held that if the property was already incumbered when transferred in fraud of creditors and is taken from the transferee by foreclosure of the incumbrance, the transferee realizing nothing, he is not liable for the value of the property at the time of transfer. Mallouk v. American Exchange National Bank, 157 App.Div. 711, 142 N.Y.S. 724, affirmed 216 N.Y. 670, 110 N.E. 1044.

The trustee brought suit to recover the property, with an incidental demand for the value in case the defendant had disposed of it. The defendant had not disposed of the property. It had been taken from her through foreclosure of the mortgage that was on the property when title was conveyed to her. She did nothing to damage the property, and she got no benefit from it. The suit being what it is, Mallouk v. American Exchange National Bank, supra, is indistinguishable from it.

The bill will be dismissed, without costs.