THOMAS MURTHA, Appellant, v. MICHAEL CURLEY, Impleaded, etc., Respondent.

A court of equity may adapt its relief to the exigencies of the case. It may, when that is all the relief needed, order a sum of money to be paid plaintiff and give him a personal judgment therefor.

Plaintiff's complaint alleged in substance that on and prior to April, 1872, defendant D. was indebted to him in the sum of $500, to defendant C., $500, and to one F., $300, which was all of his indebtedness ; that in that month D. owned personal property worth $3,500, upon which, for the purpose of hindering, delaying and defrauding cerditors, he executed a chattel mortgage to C., nominally for $3,100, which mortgage was kept on foot by renewals and new mortgages until October, 1878, when C. foreclosed, although there was nothing actually due him thereon, and converted the proceeds of the property to his own use ; that plaintiff recovered judgment on his claim for over $700, on which execution was issued and returned unsatisfied. Plaintiff prayed judgment that defendants " be compelled to pay him " the amount of his judgment. C., who alone appeared, answered, admitting the giving of the mortgage and its foreclosure, but denying the other allegations of the complaint. The cause was noticed for trial for " a jury or trial term," and, a trial by jury having been waived, was tried by the court. Plaintiff gave evidence tending to establish the allegations of the complaint, and the court found that the chattel mortgages were made by D. and received by C., with intent to hinder, delay and defraud plaintiff and F.; that C. was liable jointly with D. for plaintiff's damages ; i. e., the amount of his judgment and interest, and directed judgment against them for that amount. *Held* no error ; that the action was in the nature of a creditor's bill ; that the judgment prayed for and rendered was correct, and did not stamp the action as a legal instead of an equitable one; that C. could properly be called upon to pay plaintiff's claim out of the moneys received by him from the debtor's property or to the extent of the value of such property taken and converted by him.

*It seems*, that if the prayer for judgment was defective in that it did not ask for equitable relief, plaintiff could have any relief " consistent with the case made by the complaint and embraced within the issue." (Code of Civil Procedure, § 1207.)

*It seems*, also, that if something had been honestly due from D. to C., the latter, because of the fraud, could not retain the property or use its proceeds to pay his debt as against a pursuing creditor.

Also *held*, that it was immaterial that the cause was noticed for a jury term, as it did not appear that either party claimed it to be a legal action triable by a jury, and it was, in fact, tried as equitable actions are required to be.

The execution was returned October 12, 1878; it did not appear when the action was commenced. The summons was dated October 12, and the complaint was sworn to on that day. *Held,* that a finding that the execution was returned before the commencement of the action was justified. *Murtha* v. *Curley* (15 J. & S. 293), reversed.

(Argued October 26, 1882; decided November 21, 1882.)

APPEAL from order of the General Term of the Superior Court of the city of New York, entered upon an order made the first Monday of February, 1881, which reversed a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury, and ordered a new trial. (Reported below, 15 J. & S. 293.)

The nature of the action and the material facts are stated in the opinion.

*Adolphus D. Pape* for appellant. The mortgages were fraudulent and void, because they were based on a fictitious debt and were made with intent to defraud, and there was no change of possession. (R. S., § 1, tit. 3, chap. 7, p. 142; also § 5, tit. 2, chap. 7, p. 143; *Diver* v. *McLaughlin,* 2 Wend. 596; *Burtis* v. *Tisdall,* 4 Barb. 571; *Sturtevant* v. *Ballard,* 9 Johns. 337; *Tilson* v. *Terwilliger,* 56 N. Y. 273; *Dutcher* v. *Smartwood,* 22 Hun, 31.) By engaging in a fraudulent scheme, Curley forfeited all right to protection either at law or in equity. (*Frashners* v. *Henriques,* 36 Barb. 288; *Merrick* v. *Brainard,* 38 id. 589; Bump on Fraud. Conv. 573; *Wood* v. *Hunt,* 38 Barb. 302; *Sands* v. *Codwise,* 4 Johns. 537.) Conveyances made for the use of a grantor are fraudulent and void as to creditors. (*Mackie* v. *Cairns,* 1 Hopk. 373; *Leekins* v. *Ovid,* 6 Wall. 78; Bump on Fraud. Conv. 270, 271; *Isham* v. *Schaffer,* 60 Barb. 317.) Assuming Curley's claim to have been valid when the mortgage was given, the agreement between Doyle and Curley to defeat the other creditors vitiated and annulled the mortgages. (Bump on Fraud. Conv. 233, 572; *Drury* v. *Cross,* 7 Wall. 299; *James* v. *Railroad Co.,* 6 id. 752; *Stoddard* v. *Butler,* 20 Wend. 507; *Robinson* v. *Stewart,* 10 N. Y. 189.) The mortgages were

void, the intent being to cover up the property from the plaint-
iff. (Bump on Fraud. Conv. 470; *Russell* v. *Winnie*, 37 N.
Y. 591; *Goodhue* v. *Berrian*, 2 Sandf. Ch. 630; *Rathbone* v.
*Platner*, 18 Barb. 272; *Nilson* v. *Forsyth*, 24 id. 106; *Mat-
thews* v. *Bellaney*, 33 id. 127; *Seymour* v. *Wilson*, 14 N. Y.
567; *Griffin* v. *Marquadt*, 17 id. 28; *Work* v. *Ellis*, 50 Barb.
512.) A mortgage to secure future debts is void as against
creditors whose debts have already accrued. (*Dewey* v. *Moyer*,
72 N. Y. 70; *King* v. *Wilcox*, 11 Paige, 589; *Savage* y.
*Murphy*, 8 Bosw. 75; *Case* v. *Phelps*, 39 N. Y. 164; *Mead*
v. *Gregg*, 12 Barb. 653; *Partridge* v. *Stokes*, 44 How. 381;
Story's Eq. Jur., § 361.) This action can be sustained on
Doyle's testimony. (*Dewey* v. *Moyer*, 72 N. Y. 73; affirming,
7 Hun, 473; *Adams* v. *Davidson*, 10 N. Y. 309; *Newlen* v.
*Lyon*, 49 id. 661; *Seymour* v. *Wilson*, 14 id. 567.)

*Geo. H. Starr* for respondent. Neither fraud without
damage, nor damage without fraud affords a cause of action.
Both must concur. (*Taylor* v. *Guest*, 58 N. Y. 266; *Rice* v.
*Manley*, 66 id. 266.) The case at bar cannot be said to belong
to any class of actions at law for torts other than that above
specified. (*Hull* v. *Curley*, 11 N. Y. 509, 510; *Hale* v.
*Omaha Nat. Bk.*, 49 id. 632; *Reubens* v. *Joel*, 13 id. 488;
*Hotchkiss* v. *McVicar*, 12 Johns. 403; *Hathaway* v.
*Howell*, 54 N. Y. 109; *Adler* v. *Fenton*, 24 How. [U. S.] 408;
*Stewart* v. *Beale*, 7 Hun, 417; 68 N. Y. 629.) This is not a
proper case for the court to reverse the order and judgment of
the General Term, and award to plaintiff a judgment in equity.
(*Arnold* v. *Angell*, 62 N. Y. 512; *Lockwood* v. *Quackenbush*,
83 id. 607, 608; *Bradley* v. *Aldrich*, 40 id. 509; *Barnes* v.
*Quigley*, 59 id. 265.) No cause of action in equity was shown.
(*Beck* v. *Burdett*, 1 Paige, 305; *Crippen* v. *Hudson*, 13 N.
Y. 166; *McElwain* v. *Willis*, 9 Wend. 561; *Stewart* v.
*Beadle*, 7 Hun, 411; affirmed, 68 N. Y. 629; *Hathaway* v.
*Howell*, 54 id. 111; *Ogden* v. *Wood*, 51 How. Pr. 375; *Law-
rence* v. *Bk. of the Republic*, 35 N. Y. 321, 322; *Robinson* v.
*Stewart*, 10 id. 196; *Chautauqua Bk.* v. *White*, 6 id. 249–252.)

EARL, J.   The complaint in this action alleges that in and prior to April, 1872, the defendant Doyle was indebted to the plaintiff in the sum of $500, to the defendant Curley in the sum of $500, and to one Fitzsimmins in the sum of $300, and that these were all the debts he owed; that in April, 1872, he, Doyle, owned a large amount of personal property, worth at least $3,500, and at that time gave the defendant Curley a mortgage thereon for the nominal amount of $3,100, and that that security, by renewals or new mortgages each year executed, was kept on foot until October 10, 1878, when the defendant Curley foreclosed the last mortgage, although there was nothing actually due thereon, and converted the proceeds of the property to his own use; that all the mortgages were made and kept on foot for the purpose of hindering, delaying and defrauding the plaintiff and the other creditors of Doyle; that on the 10th day of October, 1878, the plaintiff recovered judgment upon his demand against Doyle for $734.18, and that an execution upon the judgment was issued and returned unsatisfied; and the plaintiff prayed judgment against the defendants, "that they and each of them be compelled to pay him the aforesaid sum of $734.18, with interest thereon," besides costs.

The defendant Curley, in his answer, admitted the giving of the mortgages referred to in the complaint, and the foreclosure of the last mortgage, and denied the other allegations contained in the complaint.   The defendant Doyle suffered default.

The cause was noticed for trial at "a jury or trial term," as stated in the printed case, and a trial by jury having been waived, it was tried before a judge without a jury.   Upon the trial the plaintiff gave evidence tending to prove all the allegations contained in the complaint, his only witness being Doyle; and the defendant Curley, as a witness in his own behalf, gave evidence tending to show that the mortgages were given in good faith, to secure an indebtedness actually due him.

The trial judge found all the allegations of fact contained in the complaint to be substantially true.   Among his findings of fact, was one "that said chattel mortgages were made by said Doyle, and received by said Curley, with the intent to hinder,

delay, and defraud this plaintiff and said Fitzsimmins of their lawful suits, damages, debts and demands;" and he found as conclusions of law that the mortgages were fraudulent and void as against the plaintiff, and were made with the intent to hinder, delay and defraud him, and that they did hinder, delay and defraud him in the collection of his claim, and that by reason thereof he suffered damage to the amount of his judgment; that the defendant Curley was liable jointly with Doyle for the amount of plaintiff's damages, and he directed that judgment be entered in favor of the plaintiff against the defendants for the amount of the judgment, with interest and costs.

The defendant Curley filed exceptions to the findings of the judge and his refusals to find as requested, and appealed from the judgment entered in favor of the plaintiff to the General Term, and there the judgment was reversed and a new trial granted for errors of law.

It appears from the opinion pronounced at the General Term that the action was there treated, not as a creditor's bill, but as an action at law to recover damages for the fraud alleged, and the conclusion reached was that such an action could not be maintained; and the decision of the General Term was sought by Curley's counsel to be sustained, in his argument before us, upon the same ground.

We are of opinion that the learned General Term fell into error. The complaint contains all the allegations requisite for what is commonly called a creditor's bill, to-wit, that the plaintiff was a creditor of Doyle, having a judgment and an execution returned unsatisfied; that the mortgages were executed by Doyle with the intent to hinder, delay and defraud his creditors, and that Curley had converted the mortgaged property by a sale and had taken the proceeds to his use.

The facts alleged show that the mortgages were void as to the plaintiff, and the only relief the plaintiff needed was that Curley should pay him out of the money received by him from the debtor's property, or to the extent of the value of such property taken and converted by him. Hence there can be no

reasonable objection to the judgment prayed for. Even if the prayer for judgment was defective for equitable relief, an answer having been interposed, the plaintiff could have any relief "consistent with the case made by the complaint, and embraced within the issue." (Code, § 1207.)

Under our present system of practice a plaintiff is not to be turned out of court, when an answer had been interposed, because he has prayed for too much or too little, or for wrong relief.

It matters not that the cause was noticed for trial at a jury term. It does not appear that either party claimed that the action was a legal action triable by a jury. It was in fact tried by the judge, just as equitable actions are required to be tried. No claim was made upon the trial that this was not an equitable action. The judge found all the facts requisite to sustain a creditor's bill.

It is said that there was no proof that the execution was returned before the commencement of the action. But it does not appear when the action was commenced. The summons is dated October 12, 1878, and the complaint was sworn to on the same day, and alleges that the execution had been issued and returned unsatisfied. It was proved that the execution was returned in the usual form, unsatisfied, on the 12th day of October, 1878, and the judge found that it was returned before the commencement of the action. There was no claim at the trial that the execution was returned after the commencement of the action, and we think the finding that it was returned before was justified.

There was proof sufficient to justify a finding that the property taken by Curley was worth much more than the plaintiff's judgment. At the time the first mortgage was given, in 1872, the property mortgaged was worth upwards of $3,000. No other proof as to its value was given. There was no claim upon the trial, and no request to find that it was not worth at least the amount of plaintiff's claim, and in the absence of other proof, the judge was justified in finding,

as we must assume he did, that it was worth, when taken and converted by Curley, at least that sum.  It cannot be alleged for legal error that the judge based his decision upon the evidence of Doyle, which was in direct conflict with that of Curley.  That conflict raised a question of credibility, which was to be settled by the trial judge.  There can be no valid objection to the form of the judgment ordered. Curley did not ask that any other judgment should be given to the plaintiff.  He did not claim that any accounting should be ordered between him and Doyle, or as to the proceeds of the property sold by him.  He gave all the proof he desired to, to defeat plaintiff's action.  Under the circumstances of this case, judgment for the recovery of the precise sum of money claimed was the proper judgment; and the form of the judgment does not stamp this as a legal, rather than an equitable action.  A court of equity adapts its relief to the exigencies of the case in hand.  It may restrain or compel the defendant; it may appoint a receiver, or order an accounting; it may compel specific performance, or order the delivery to the plaintiff of specific real or personal property; or it may order a sum of money to be paid to the plaintiff, and give him a personal judgment therefor.  Here no accounting was needed.  Even if something was honestly due from Doyle to Curley, on account of the fraud Curley could not retain the property, or use its proceeds against a pursuing creditor to pay his debt. The transaction between him and Doyle was, as to the plaintiff, void, and he could take no benefit from it.  The plaintiff was the vigilant creditor, and had priority over other creditors, if there were any.  But there appears to have been but one other creditor of Doyle, and that one Fitzsimmins, and his claim was apparently barred by the statute of limitations.  Besides the property was sufficient to pay the plaintiff, Fitzsimmins and Curley.  Under such circumstances all the relief that plaintiff needed was to compel Curley to pay him.  There was no property to be sold.  He had converted it and had the proceeds. No receiver was needed, and there were no accounts to be taken or stated.  The judgment ordered was, therefore, proper.

The order of the General Term should be reversed, and the judgment of the trial term affirmed, with costs.

All concur.

Order reversed and judgment affirmed.