By the Court.—O’Gorman, J.
On April 6, 1883, the *300 plaintiff recovered judgment against Henry C. Brooks in the supreme court of this state, for $3,370.53. On that day an execution'against the property of the judgment debtor was duly issued and delivered to the defendant as sheriff. The plaintiff complains that the defendant failed to make return for more than sixty days after said delivery of the execution to him, and had not made return before the commencement of this action. Plaintiff also claims that the defendant has collected a large amount of money on' the execution, which he refuses to pay over, although payment of same has been demanded.
Defendant answers that he made due levy on the property of the defendant and received from the sale, $1,996.65 which he holds subject to his fees, etc.; and that he was delayed in making return by the delay of the learned judge of the supreme court in deciding an application made to. him by the defendant for the taxation of the defendant’s fees, costs etc., in the case.
It appeared in evidence that after the commencement of the action, the.fees, etc., of the defendant were duly taxed at $400, which sum deducted from $1,996.65, the amount admitted by the defendant to have been realized by the sale, would leave $1,596.65, to which the plaintiff was unquestionably entitled. There was evidence in the case that there was property of the said judgment debtor subject to levy under this execution and actually levied on by the sheriff, and out of which the whole amount of the judgment could have been realized together with the defendant’s fees, etc.
■ If the jury believed this evidence, (and it was clearly left, by the learned trial judge, to the jury to determine as a question of fact), then the plaintiff would be entitled to recover the full amount of his judgment as the measure of his damages (Ledyard v. Jones, 7 N. Y. 551; Sweezy v. Lott, 21 Id. 481). Evidence was presented on the part of the defense to contradict the evidence for the plaintiff on that subject and the charge of the trial judge was as favorable to the defendant as the law would warrant.-
*301 The jury rendered a verdict for the full amount of the judgment, and interest; and a motion for a new trial was made.
The defendant’s objection to the complaint is not material.
The defendant having answered, the case made by the complaint, as proven, was sufficient to sustain the verdict and judgment (Code, § 1207; Murtha v. Curley, 90 N. Y. 376-7; see also Code, §§ 539, 540, 541).
After a careful examination of the evidence, and the argument of the learned counsel for the defendant, I am unable to see any reason why the verdict of the jury should be disturbed.
The judgment appealed from, is affirmed, with costs ; and the order denying the motion for a new trial is also affirmed, with ten dollars costs.
Sedgwick, Ch. J., concurred.