McVITY v. STANTON.

(Common Pleas of New York City and County, General Term.   November 5, 1894.)

1. JUDGMENT—EFFECT OF PRAYER FOR RELIEF.
    After answer a plaintiff may take any judgment consistent with the case made by the complaint and embraced within the issue. A suitor may not be dismissed without redress because he prays for too much or too little or for wrong relief.
2. SAME—CONFORMITY WITH FACTS ALLEGED.
    Against a defendant who, according to the complaint, receives and wrongfully retains property constructively in trust for the plaintiff, a judgment for the value of the property, with interest, is in conformity with the case made by the complaint.
3. TRUSTS—EX MALEFICIO.
    Facts constituting one a trustee ex maleficio.
4. EVIDENCE—PROOF OF JUDICIAL RECORD.
    The contents and effect of an extant judicial record may not be proven by oral evidence.
5. SAME—PARTIES AND PRIVIES.
    A judicial record is evidence only between parties and privies.
(Syllabus by the Court.)

Appeal from judgment on report of referee.

Action by James McVity against Daniel N. Stanton for the conversion of bonds. For value, defendant assigned to plaintiff certain

receiver's certificates. Certain bonds were provided for the redemption of these certificates. Of these bonds defendant, with notice of plaintiff's right, got possession, without the knowledge or consent of plaintiff, and, on receiving them, gave a release from all liability for the bonds either to himself or his assignee. There was a judgment in favor of plaintiff, and defendant appeals. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Dill, Chandler & Seymour, for appellant.
Abbott Bros., for respondent.

PRYOR, J. Only in case of the defendant's default is the plaintiff limited to the specific relief which he solicits; and, where an answer is interposed, the court may award any judgment consistent with the complaint, and embraced within the issue. Code Civ. Proc. § 1207; Bell v. Merrifield, 109 N. Y. 202, 16 N. E. 55. Under our system of procedure, a suitor is not to be dismissed without redress because "he has prayed for too much or too little, or for wrong relief." Murtha v. Curley, 90 N. Y. 372, 377.

The appellant insists that the judgment under review is invalid, because not secundum allegata; but the contention is obviously untenable. The complaint alleges, in terms, that the bonds in controversy were "impressed with a trust in favor of the plaintiff," and that the defendant took and detains them in bad faith, and with knowledge of the plaintiff's rights. By itself, the averment might be nugatory as the statement merely of a conclusion; but it is accompanied and fortified by a detail of facts which, if true, suffice in law to support it. Beyond all question, the bonds were intended for the redemption of the certificates. The defendant, with knowledge of plaintiff's right to an amount in bonds equivalent to the amount of his certificates, wrongfully received and misappropriated the bonds, and gave a release from liability for the bonds, either to himself or his assignees. The defendant had sold the certificates to the plaintiff, and, as the bonds were the product and substitute of the certificates, the defendant had, in effect, sold the bonds to the plaintiff; and so, in his hands, as vendor, the title to them was impressed with a trust in favor of the plaintiff, as purchaser. Without the bonds, it is conceded that the certificates are worthless. By what right, then, may the defendant, by retaining the bonds, deprive the plaintiff of the only value attaching to his certificates? Is it consistent with equity and good conscience that the defendant should have both the price and the product of the certificates,—that the plaintiff should lose as well that product as that price? If there be any virtue in the salutary principles of equity, the defendant holds the bonds in trust for the benefit of the plaintiff. "Constructive trusts include all those instances in which a trust is raised by the doctrines of equity for the purpose of working out justice in the most efficient manner, where there is no intention of the parties to create such a relation, and in most cases

contrary to the intention of the one holding the legal title.   *   *   * Certain species of the constructive trusts arise from actual fraud. Many others spring from the violation of some positive fiduciary obligation.   In all the remaining instances there is, latent perhaps, but none the less real, the necessary element of that unconscientious conduct which equity calls 'constructive fraud.'   Courts of equity, by thus extending the fundamental principle of trusts to all cases of actual or constructive fraud and breaches of good faith, are enabled to wield a remedial power of tremendous efficacy in protecting rights of property.   They can follow the real owner's specific property, and preserve his real ownership, although he has lost, or even never had, the legal title, and can thus give remedies far more complete than the compensatory damages obtainable in courts of law.   *   *   *   The specific instances in which equity impresses a constructive trust are numberless, as numberless as the modes by which property may be obtained through bad faith and unconscientious acts."   2 Pom. Eq. Jur. §§ 1032, 1044, 1045.

Even though no technical fiduciary relation may subsist between the plaintiff and the defendant, yet here are present, in eminent manifestation, the two circumstances which urge into action the remedial power of equity; namely, a beneficial interest in the one party, and unconscientious conduct in the other.   To withhold the relief solicited by the plaintiff would be to decline the application of the remedial processes of equity in a case plainly and imperatively demanding the exertion of their energies for the prevention of wrong and the protection of right.   Nay, construing the complaint in the sense urged by the appellant,—namely, as an action for conversion,—still, the plaintiff, upon proper proof, would be entitled to the relief accorded; that is, the value of the bonds, with interest.   Smith v. Frost, 70 N. Y. 65.

Assuming the sufficiency of the complaint to authorize the judgment, the appellant contends that the proof is inadequate to sustain the complaint.   Whether the position be well taken we are dispensed from inquiring, because the proof, whatever its force, is such, in essential particulars, as the law refuses to recognize as competent evidence.

Against objection, on the ground of incompetency, oral evidence by a layman of the contents of judicial records and of the effect of adjudications was admitted; and, contrary to a like objection, a paper purporting to be a decretal order of a federal court was received without other proof or authentication than the statement of the witness.   This was palpable error.   1 Greenl. Ev. § 501; Code Civ. Proc. §§ 952, 953; Rev. St. U. S. 905; Trebilcox v. McAlpine, 46 Hun, 469; Mandeville v. Reynolds, 68 N. Y. 528, 543.

Against appropriate objection, the pleadings and judgment in another action between the defendant and another plaintiff were received in evidence; and so the defendant was prejudiced by proof that, upon a similar claim, he was held liable to another party, in no sense his privy.   This, too, is repugnant to fundamental principle.   1 Greenl. Ev. §§ 522, 523.

The appellant imputes other errors in the admission of evidence; but, as it is already apparent that the judgment must be reversed, we need examine the record no further. Judgment reversed, and new trial awarded; costs to abide the event. Order of reference vacated. All concur.