(64 App. Div. 499.)

HARRISON v. OBERMEYER & LIEBMANN BREWING CO. et al.

(Supreme Court, Appellate Division, Second Department. October 11, 1901.)

EXECUTION — SUPPLEMENTARY PROCEEDINGS — RECEIVER — ACTION—PERSONAL JUDGMENT.

Where a party has taken a conveyance in fraud of creditors of the property transferred, and his title has been declared void and set aside in a suit by a receiver appointed in proceedings supplemental to execution, by a decree reciting that the property is in existence, a money judgment cannot, in addition, be rendered against him in favor of such receiver.

Appeal from .special term, Kings county.

Action by Edward H. Harrison, as receiver of William H. Kinsella, against the Obermeyer & Liebmann Brewing Company and another. From a judgment in favor of plaintiff, defendants appeal. Reversed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and SEWELL, JJ.

Martin Paskusz, for appellants.
George H. Fisher, for respondent.

SEWELL, J.   On October 22, 1896, the defendant Kinsella gave to the defendant Obermeyer & Liebmann Brewing Company a bill of sale of the furniture and stock of liquors in his saloon, at 372 Eighteenth street, borough of Brooklyn.   John T. Willoughby recovered judgment against Kinsella on December 28, 1896, for the sum of $624.99.   An execution was issued and returned unsatisfied, and proceedings supplementary to execution, based upon the judgment, were instituted in the usual form on September 9, 1897, which resulted in the appointment of the plaintiff as receiver of the property of the judgment debtor.   In February, 1898, this action was commenced to set aside the bill of sale as fraudulent and void as to creditors, and to compel the brewing company to transfer to the plaintiff the property so transferred, and to account for and pay over the proceeds of any part thereof by it disposed of.   The court filed a decision on January 12, 1899, stating concisely the grounds upon which the issues were decided, in which the court found that the transfer was without any consideration except to secure a previously existing debt, and was made and accepted by the defendants with intent to hinder, delay, and defraud Willoughby.   The court also found that there was no actual change of possession of the property; that no inventory was made, or account taken, of the stock of liquors, cigars, or other chattels contained in the bill of sale; that "the company made no arrangements with Kinsella or his wife about carrying on the business or the disposition of the stock of liquors and cigars sold to them.   Kinsella conducted the business to all outward appearances the same as he had before.   He sold the liquors and cigars included in the bill of sale, and did not account to the company for the proceeds."   On March 2d following the court filed another decision, in which were stated separately the facts found, substantially as stated in its former decision, and in which the court directed judgment according to the relief demanded in the complaint. On the same day an interlocutory judgment was entered, which declared that the transfer was made with intent to hinder, delay, and defraud creditors, and adjudging the same fraudulent and void.   The judgment also provided for a referee to ascertain the value of the property at the time of the delivery of the bill of sale.   The referee reported that the value of the property conveyed by the bill of sale on October 22, 1896, was $1,363, but that said chattels were at the time of the delivery of said bill of sale covered by a chattel mortgage for $500.   A final judgment was entered on December 12, 1899. It recited the interlocutory judgment; that the property was then

in the possession of Obermeyer & Liebmann Brewing Company; that it appeared by the report of the referee that the value of the property at the time of the delivery of the bill of sale was $1,363, less $500, the amount of the chattel mortgage thereon; and adjudged and decreed that the report of the referee be confirmed, and that the plaintiff recover of Obermeyer & Liebmann Brewing Company and William Kinsella the sum of $863, with costs and disbursements. From the interlocutory and final judgments both defendants appeal.

It appeared by the evidence of both parties that all the fixtures, which constituted the principal value of the property, remained in the actual possession of the debtor in his saloon at 272 Eighteenth street, Brooklyn, and are in as good condition as they were at the time of the transfer. No evidence was given showing that the brewing company sold or otherwise disposed of the liquors, cigars, or any of the property included in the bill of sale, or received any of the proceeds. So far as the evidence shows, the defendants have not interfered with the property since the appointment of the receiver, and there is absolutely no testimony from which it can be inferred that the receiver has been hindered or prevented from taking possession of the property. The question is therefore presented whether this is a proper judgment to be pronounced upon these facts; that is to say, whether a personal judgment can be rendered against a defendant who has taken a fraudulent conveyance for the value of the property transferred, after his title has been declared void and set aside, where it appears, and it is recited in the decree, that the property is in existence. The names of actions no longer exist, but we retain in fact the action at law and the suit in equity, and in every case the judgment sought must be warranted by the facts stated in the complaint and embraced within the issues. Code Civ. Proc. § 1207; Murtha v. Curley, 90 N. Y. 372. The plaintiff must therefore establish his allegations, and, if they warrant equitable relief only, he cannot have legal relief upon the evidence. The plaintiff in this action did not claim in his complaint the right to recover the value of the property fraudulently transferred, and there was no issue upon such a claim. The action was brought by the plaintiff to remove an obstacle which, until set aside, prevented him from taking possession and selling the property. He acquired no right to the property by succession to the rights of the debtor, for the reason that the transfer is valid as against him. In Ward v. Petrie, 157 N. Y. 301, 308, 51 N. E. 1002, 1004, 68 Am. St. Rep. 790, 793, Judge Vann, speaking of the authority and rights of a receiver in supplementary proceedings, says: "The property belonging to, and in the possession of, the judgment debtor he is entitled to take without legal process, and, if the judgment debtor resists, to apply to the court for an order compelling him to deliver it. In addition to this, however, he has an equitable right to property fraudulently transferred by the judgment debtor, and can reinstate the title in him by a suit in equity, and then receive it."

In Stephens v. Britannia Co., 160 N. Y. 178, 54 N. E. 781, 73 Am. St. Rep. 678, Judge Vann says: "The receiver cannot bring an action at law for the taking of property formally transferred before

the recovery of the judgment, because neither the judgment debtor nor the judgment creditor could have brought it. He can, however, by a bill in equity, remove any obstacle, such as a fraudulent transfer, which, until set aside, would prevent him from taking possession of the property, and thereupon sell it and apply the proceeds upon the debt which he represents. If the property has been consumed, or for any reason cannot be identified or followed, he can, in the same action, compel those legally responsible to account for it and pay over the value thereof to the extent necessary to satisfy the debt or debts represented by him, as well as the cost and expenses. He cannot, however, uphold an action at law for the conversion of property transferred, even in fraud of creditors, before he was appointed receiver, because that is not 'the property of the judgment debtor,' within the meaning of section 2468 of the Code of Civil Procedure, which is the source of his power." This action was not only begun and tried, but decided, as an action in equity, and it is clear that no other relief would be consistent with the case made by the complaint or embraced within the issues. While it is true, as claimed by the plaintiff, that a court of equity will adapt its relief to the exigencies of the case, it is well settled that it will only give a personal judgment for money when that form of relief becomes necessary in order to prevent a failure of justice, and when it is for any reason impracticable to grant the species of relief demanded. Van Rensselaer v. Van Rensselaer, 113 N. Y. 207, 21 N. E. 75; Bell v. Merrifield, 109 N. Y. 202, 16 N. E. 55, 4 Am. St. Rep. 436. The specific relief demanded was granted. The transfer was set aside, and, so far as appears, nothing prevented the receiver from taking possession of the property and selling it, applying the proceeds to the extinguishment of the judgment. The defendants have not only been deprived of the property which they sought to have applied upon an existing indebtedness, but they are required to pay the value of it to the plaintiff. It certainly cannot be said that such relief was necessary in order to prevent a failure of justice, and that it is most inequitable is too apparent to discuss.

We think the interlocutory and final judgments should be reversed, and a new trial granted, costs to abide the final award of costs. All concur.