(65 Misc. Rep. 84.)

## WASEY v. HOLBROOK et al.

(Supreme Court, Special Term, New York County. November, 1909.)

BANKRUPTCY (§ 305*) — FRAUDULENT CONVEYANCE OF STOCK — JUDGMENT AGAINST TRANSFEREE.

　　Where a decree in an action by a trustee in bankruptcy to recover shares of stock charged as having been transferred by the bankrupt in fraud of creditors, if the surrender of the certificates of stock would offer insufficient relief because of their depreciation in value, the court may render personal judgment against the transferee.

　　[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 466–468; Dec. Dig. § 305.*]

Action by Edward G. Wasey, as trustee in bankruptcy, against Edward Holbrook and others. Judgment for plaintiff.

Fletcher, Sillcocks & Leahy, for plaintiff.

Olney & Comstock (Don R. Almy, of counsel), for defendant Holbrook.

Don R. Almy, for defendants Wm. A. Sturgeon & Co.

FITZGERALD, J. Defendant Holbrook's claim that stock in new company (W. A. Sturgeon & Co.) was a gift to bankrupt upon representations subsequently shown to have been false not only falls far short of being established by the evidence, but there is abundant proof to support plaintiff's contention that the transfer was for valid consideration. The attempted retransfer of the certificates was absolutely without consideration and void. The transactions involving the relationship of Hammond, Dorr, bankrupt, and Holbrook, and their conduct at the time of the sale and purchase of the assets of the old corporation (Smith, Sturgeon & Co.), might justify a court of equity in refusing its aid, upon well-recognized principles, in any controversy between the same parties founded upon such dealings; but the scheduled debt upon which Hammond recovered judgment was a personal obligation of the bankrupt upon notes long antedating these transactions. Trustee is entitled to a money judgment against defendant Holbrook, as the stock is not now of its value at the time of the transfer, and a decree ordering the surrender of the certificates would not give plaintiff a full measure of relief. Under such circumstances a court of equity has power, and it is its duty, to adapt the relief to the exigencies of the case, even to the extent of rendering a personal judgment. "A court of equity adapts itself to the exigencies of the case in hand. It may restrain or compel the defendant; it may appoint a receiver, or order an accounting; it may compel specific performance, or order the delivery to the plaintiff of specific real or personal property; or it may order a sum of money to be paid to the plaintiff and give him a personal judgment therefor." Murtha v. Curley, 90 N. Y. 378; Hovey v. Elliott, 118 N. Y. 124, 23 N. E. 475; Valentine v. Richardt, 126 N. Y. 272, 27 N. E. 255; Van Rensselaer v. Van Rensselaer, 113 N. Y. 207, 21 N. E. 75; Baily v. Hornthal, 154 N. Y. 648, 49 N. E. 56, 61 Am. St. Rep. 645; Bell v. Merrifield, 109 N. Y. 202, 16 N.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

E. 55, 4 Am. St. Rep. 436; Roberts v. Ely, 113 N. Y. 128, 20 N. E. 606; McGean v. Metropolitan E. R. Co., 133 N. Y. 9, 30 N. E. 647; Hubbell v. Henrickson, 175 N. Y. 180, 67 N. E. 302.

Judgment for plaintiff.