### WASEY v. HOLBROOK et al.

(Supreme Court, Appellate Division, First Department. December 2, 1910.)

1. BANKRUPTCY (§ 305*) — FRAUDULENT CONVEYANCE OF STOCK — JUDGMENT AGAINST TRANSFEREE.

Where a trustee in bankruptcy suing to set aside a transfer of corporate stock as fraudulent prays for a return of the certificates of stock or for a money judgment in the event the certificates cannot be returned by the transferee, and shows that the transferee is the holder of the certificates, the court, granting relief to the trustee, must direct the return of the certificates and an accounting for dividends received by the transferee, and a personal judgment against the transferee for the value of the stock at the time of the transfer is unauthorized in the absence of evidence that a depreciation in the value of the stock was due to the act of the transferee.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 305.*]

2. JUDGMENT (§ 249*)—ISSUES—FORMS OF ACTION.

Though Code Civ. Proc. § 3339, abolishes the distinction between actions at law and suits in equity, actions at law and suits in equity remain, and in either case the judgment must, as required by section 1207, be warranted by the facts stated in the complaint and embraced within the issues.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 435; Dec. Dig. § 249.*]

3. EQUITY (§ 423*)—RELIEF—POWER OF COURT.

The court in a suit in equity will adapt its relief to the exigencies of the case and will order a payment of money to plaintiff or give him a

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

personal judgment therefor only when that species of relief is necessary to prevent a failure of justice or where for any reason it is impracticable to grant the specific relief prayed for.

[Ed. Note.—For other cases, see Equity Cent. Dig. §§ 986–1014; Dec. Dig. § 423.*]

4. BANKRUPTCY (§ 305*)—CONVEYANCES BY BANKRUPT—SUIT TO SET ASIDE—RELIEF.

Where a suit is brought by a trustee in bankruptcy to set aside a transfer of property as fraudulent, a personal judgment can only be given against the transferee when he has done some act which makes it impossible for him to return the property, or has destroyed or impaired its value.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 305.*]

Appeal from Special Term, New York County.

Action by Edward G. Wasey, as trustee in bankruptcy, against Edward Holbrook and others. From a judgment of the Special Term (65 Misc. Rep. 84, 120 N. Y. Supp. 675) for plaintiff, defendant named appeals. Modified and affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Peter B. Olney, for appellant.
Henry Fletcher, for respondent.

McLAUGHLIN, J. This action was brought to set aside, as fraudulent and void, a transfer to the appellant of 750 shares of the capital stock of W. A. Sturgeon & Co., a Michigan corporation, and to compel him to return to the plaintiff certificates representing 740 shares, and if it were found that he no longer held such certificates, and for that reason it was impossible for him to return the same, that then he be ordered and adjudged to pay to the plaintiff "as trustee for the creditors of said Sturgeon a sum of money equivalent to the value of said 740 shares of stock." The answer put in issue the material allegations of the complaint. Substantially all of the evidence introduced at the trial was directed to the issue as to whether the transfer of the stock in question was fraudulent as to the creditors of Sturgeon.

It would serve no useful purpose to detail at length the evidence upon which the trial court reached the conclusion that the transfer was fraudulent and void; it being sufficient to say that after a careful review of the evidence we are satisfied with the finding on that subject. The court also found that the appellant "still has on hand, and is still the holder of, the certificates for the shares of stock in question here." Having found that the certificates were fraudulently transferred, and that the person to whom they were transferred still had them in his possession, the court should have granted a judgment directing the return of the same to the plaintiff as prayed for in the complaint. Instead of doing that, however, he granted a personal judgment against the appellant for what it is contended the stock was worth at the time the same was transferred. This is not the judgment prayed for in the complaint; it is not a judgment to

which the plaintiff was entitled under the facts set out in the complaint or proved upon the trial.

While it is true the distinction between actions at law and suits in equity, and the forms of those actions and suits, have been abolished (section 3339, Code Civ. Proc.), nevertheless we still have in fact the action at law and the suit in equity, and in either case the judgment obtained must be warranted by the facts stated in the complaint and embraced within the issue. Section 1207, Code Civ. Proc.; Murtha v. Curley, 90 N. Y. 372; Harrison v. Obermeyer & Liebmann Co., 64 App. Div. 499, 72 N. Y. Supp. 270. If, however, the suit be in equity, the court will adapt its relief to the exigencies of the case; but it will order a sum of money to be paid to the plaintiff, or give him a personal judgment therefor only when that species of relief is necessary to prevent a failure of justice or where for any reason it is impracticable to grant the specific relief prayed for. Hubbell v. Hendrickson, 175 N. Y. 175, 67 N. E. 302; Valentine v. Richardt, 126 N. Y. 273, 27 N. E. 255.

Here, a personal judgment was not necessary, nor were any facts proved which would justify it. Full and complete relief can be given the plaintiff by directing the appellant to return the certificates of stock in question and requiring him to account for any dividends or benefits derived from them during the time he has held the same.

The awarding of the personal judgment is sought to be sustained upon the ground that the stock has, since it was transferred, depreciated in value. In the first place, the evidence does not clearly or satisfactorily establish such fact, and, if it did not, a single fact was proved which tended to show that such depreciation was due to any act of the appellant or that he had done a single thing to impair its value. Where a suit is brought to set aside a transfer of property on the ground that it is fraudulent as to creditors, a personal judgment can only be given against the transferee when it appears that he has done some act which makes it impossible for him to return the property, or else has destroyed or impaired its value. An examination of the authorities cited by the respondent will, it is believed, show that this is the ground upon which a personal judgment in such an action is given.

The foregoing views do not necessarily lead to a reversal of the judgment.

Upon the findings full and complete relief can be given by modifying the judgment, so that it shall direct the appellant to return to the plaintiff certificates representing 740 shares of the stock in question and to account for all dividends received thereon while he has held the same, and as thus modified the judgment is affirmed, without costs to either party in this court. All concur.