## WASEY v. HOLBROOK et al.

(Supreme Court, Appellate Division, First Department. May 5, 1911.)

1. Costs (§ 55*)—Appeal.

In a suit by a trustee in bankruptcy to set aside a transfer of certain stock, a judgment was rendered against the defendant for a sum assumed to be the value of the stock, with costs to the plaintiff and an extra allowance. On appeal the judgment was modified by an order reciting that "the judgment appealed is modified, so as to give the plaintiff relief as follows, and not otherwise," with provisions that defendant should deliver over the stock to the plaintiff and account to him for all dividends received thereon, and, as modified, the judgment was affirmed, without costs. *Held* that, in entering judgment on the order, it was improper to insert the provision of the original judgment awarding plaintiff his costs and an extra allowance, for the modified judgment substituted an entirely new one in place of the original judgment, and expressly prohibited plaintiff from receiving any relief not in the modified judgment.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 55.*]

2. Costs (§ 55*)—Appeal.

Where a judgment, as modified on appeal, dealt only with stock in specie, and did not fix its value, an extra allowance, awarded plaintiff in the judgment appealed from, should not be incorporated in the provisions of the modified judgment, when entered, being inconsistent with the second judgment.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 55.*]

Appeal from Special Term, New York County.

Action by Edward G. Wasey, as trustee in bankruptcy of William A. Sturgeon, bankrupt, against Edward Holbrook and others. From an order denying his motion to amend a judgment entered upon an order of the Appellate Division, defendant Edward Holbrook appeals. Reversed.

See, also, 141 App. Div. 336, 125 N. Y. Supp. 1087.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Peter B. Olney, for appellant.
Henry Fletcher, for respondent.

SCOTT, J. [1] Appeal by defendant Holbrook from an order denying his motion to amend a judgment entered upon an order of this court. The action was by the trustee in bankruptcy of William A. Sturgeon to set aside, as void under the provisions of the bankruptcy act, the assignment of certain stock to the appellant. The justice at Special Term found the assignment to be void, but, instead of directing its delivery to the assignee, rendered judgment against the appellant for a sum assumed to be the value of the stock, and also adjudged to the plaintiff costs and an extra allowance. On appeal to this court the judgment was modified, the order of modification reading as follows:

"Ordered and adjudged that the judgment so appealed from be and the same is hereby modified, so as to give the plaintiff relief as follows, *and not otherwise*, and so that all provisions of the said judgment inconsistent therewith, or giving the plaintiff any further relief be stricken therefrom."

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Then followed a provision ·that appellant should deliver over the stock to plaintiff, and should account to him for all dividends received thereon, and, finally, the judgment, as so modified, was affirmed, without costs to either party in this court. When it came to entering the modified judgment upon this order, there was inserted, in addition to the provisions contained in the order of this court, the provision contained in the original Special Term judgment, awarding plaintiff his costs and an extra allowance. The purpose of the present motion is to strike out this latter provision. The motion should have been granted. The obvious effect of the order of this court was to strike out of the judgment everything except the adjudication that the transfer of the stock was void, and to substitute an entirely new provision as to the relief which should be accorded to the plaintiff. The order expressly precluded plaintiff from receiving any other relief.

[2] So, also, the judgment for an extra allowance would be inconsistent with the modified judgment, which dealt only with the stock in specie, and affixed no value to it upon which an allowance could be based.

Order appealed from reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.