Yang v Knights Genesis Group (2025 NY Slip Op 03641)

Yang v Knights Genesis Group

2025 NY Slip Op 03641

Decided on June 12, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 12, 2025

Before: Kern, J.P., Kennedy, Friedman, Shulman, O'Neill Levy, JJ. 

Index No. 651118/21|Appeal No. 4578-4578A|Case No. 2024-03461|

[*1]Yunjie "Frank" Yang, Plaintiff, Ying Shen, et al., Plaintiffs-Respondents,
v
Knights Genesis Group, et al., Defendants, Jiangcheng "Jason" Yuan, et al., Defendants-Appellants.

Law Office of Victor Tsai, Flushing (Victor Tsai of counsel), for appellants.
Oved & Oved LLP, New York (Glen B. Lenihan of counsel), for respondents.

Judgment, Supreme Court, New York County (Andrew Borrok, J.), entered May 13, 2024, awarding intervenors-plaintiffs $10,025,914.16, comprised of $6,363,526 on the sixth cause of action for breach of contract against KG Bayside LLC, and holding defendants Jiangcheng "Jason" Yuan, Katie Chen, and Jianfei Chen liable as alter egos, and the eleventh, twelfth, thirteen, and fourteen causes of action for fraudulent conveyance pursuant to Debtor and Creditor Law §§ 273, 274, 275, and 276, respectively, as against defendants Yuan, Katie Chen, Jianfei Chen, KG Bayside LLC, and Silver City Capital, Inc., and $3,165,417.60 on the fifth cause of action for breach of contract against 1989 Investor LLC and holding defendants Yuan, Katie Chen, and Jianfei Chen liable as alter egos, plus pre-judgment interest in the amount of $153,272.88, for a total sum of $10,179,187.04, and bringing up for review an order, same court and Justice, entered March 11, 2024, which denied the motion of defendant Jianfei Chen for summary judgment dismissing the complaint as against him and granted plaintiffs' motion for summary judgment on the fifth, sixth, eleventh, twelfth, thirteenth, and fourteenth causes of action, unanimously modified, on the law, to vacate that portion of the judgment to the extent it is based on an amount due pursuant to the eleventh, twelfth, thirteenth, and fourteenth causes of action, to deny intervenors-plaintiffs' motion for summary judgment as to the eleventh, twelfth, thirteenth, and fourteenth causes of action, remand for further proceedings in accordance with this decision, and otherwise affirmed, without costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Initially, and contrary to defendants' contention, a plaintiff need not be an equity investor in a debtor company to have standing under the Debtor and Creditor Law (see Chung Tai Printing (China) Co Ltd. v Florence Paper Corp., 2024 NY Slip Op 32503[U] [Sup Ct, NY County 2024]). Nor is it a requirement that a secured creditor pursue its security before commencing an action for a fraudulent conveyance.
Defendants are also incorrect that intervenors-plaintiffs are limited to rescission of the loan agreements. The remedy of rescission has been applied where the conveyance was of other than cash and it is capable of being unwound (see Wasey v Holbrook, 141 AD 336, 337 [1st Dept 1910], affd 206 NY 708 [1912]). This case does not involve such facts.
However, because intervenors-plaintiffs failed to meet their burden of establishing the debtor company's insolvency, summary judgment on their eleventh, twelfth, and thirteenth causes of action for fraudulent conveyance pursuant to Debtor and Creditor Law §§ 273, 274, and 275 should not have been granted (see Matter of CIT Group/Commercial Servs., Inc. v 160-09 Jamaica Ave. Ltd. Partnership, 25 AD3d 301, 302 [1st Dept 2006]). K-1 tax documents and bank statements raise an issue of fact as [*2]to whether the debtor, here, KG Bayside LLC, owns 25% of another company with assets of some $29 million.
While insolvency is not an element of intervenors-plaintiffs' fraudulent conveyance claim under Debtor and Creditor Law § 276, intervenors-plaintiffs will not be able to show injury if KG Bayside LLC has sufficient assets to cover the debt. Issues of fact remain as to KG Bayside LLC's assets and summary judgment on the fourteenth cause of action should not have been granted.
Summary judgment on the fifth and sixth causes of action for breach of contract based on a theory of alter ego was proper because it is undisputed that defendant companies kept no books and records and observed no corporate formalities. The individual defendants took funds out of the companies, in secret, at their whim. Further, defendants used the corporate forms in a scheme to defraud intervenors-plaintiffs (see Shisgal v Brown, 21 AD3d 845, 847-848 [1st Dept 2005]; Soroof Trading Dev. Co., Ltd. v GE Fuel Cell Sys., LLC, 842 F Supp 2d 502, 521 [SD NY 2012]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 12, 2025