(No. 14749.—Reversed and remanded.)
IDA MINOTT HAYES, Appellee, *vs.* SARAH MINITER,
Appellant.

*Opinion filed April 18, 1923.*

1. DEBTOR AND CREDITOR—*deed given as mortgage may be constructively fraudulent as to creditors although binding between parties.* A conveyance which is absolute upon its face but which is really intended as a mortgage or security is binding as between the parties, but it may be constructively fraudulent as to creditors even though the grantee or mortgagee does not actually participate in the intent of the grantor or mortgagor to defraud his creditors.

2. SAME—*conveyance in fraud of creditors will be upheld as to actual consideration.* Where a conveyance is set aside solely upon the ground that it is constructively fraudulent as to creditors, it will be upheld to the extent of the actual consideration and be vacated only as to the excess.

3. SAME—*when a decree finding conveyance to be in fraud of grantor's wife need not require release of dower.* A decree which finds that a conveyance by a husband is in fraud of his wife as his creditor, and, although absolute on its face, is in effect a mortgage, and which provides for a sale of the property and the settlement of the different liens, need not provide that the wife release her inchoate right of dower to the purchaser, where the record shows that the husband had divorced the wife and the dower was thereby extinguished.

4. SAME—*when a decree holding conveyance fraudulent should give grantee or mortgagee privilege of paying off creditor.* A decree finding that a conveyance, while absolute on its face, is in effect a mortgage and is fraudulent as to the complainant, who is a judgment creditor of the grantor or mortgagor, should provide that the grantee or mortgagee may pay the amount of the complainant's lien and costs of suit and take title to the property, where the record shows that an actual consideration or loan was given for the conveyance; and in making provision for a sale of the property the decree should direct any surplus to be paid to the grantee or mortgagee, where the grantor has allowed the grantee to defend the suit in that capacity and not as mortgagee.

5. SAME—*the mortgagee or grantee of conveyance in fraud of creditors should account for rents received.* Where a conveyance, although absolute on its face, is held to be a mortgage made in fraud of the grantor's creditors, a decree settling the rights of a judgment creditor should provide that in determining the actual

consideration paid or loaned by the grantee or mortgagee in good faith all rents collected by such grantee for her own use after taking the conveyance shall be deducted and the amount of her lien specified as the net balance, allowing her credit for necessary expenses incurred in paying taxes, insurance and interest on a prior incumbrance.

APPEAL from the Circuit Court of Cook county; the Hon. GEORGE FRED RUSH, Judge, presiding.

EDWARD MAHER, MICHAEL E. MAHER, and DAVID J. PEFFERS, for appellant.

HARRY E. SMOOT, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Ida Minott Hayes, appellee, recovered a judgment in the municipal court of Chicago on November 2, 1915, against her then husband, Dr. Edwin H. Hayes, in the sum of $2084.91 and costs. Shortly thereafter execution was issued on the judgment and was returned wholly unsatisfied. Hayes at that time owned a three-story stone-front brick building containing three flats of six rooms each, known as 5620 Normal boulevard. On April 20, 1914, he executed a trust deed to said premises to James L. Bynum to secure three notes, two for $1000 each and the third for $500, due, respectively, in one, two and three years from date, with six per cent interest. On November 4, 1915, there was filed in the recorder's office of Cook county a quit-claim deed to Sarah Miniter to said premises, executed by Hayes, the deed reciting a consideration of $1500. On October 10, 1919, appellee filed her bill in the circuit court of Cook county against Hayes, Bynum and Mrs. Miniter, setting up the foregoing facts and alleging that her judgment aforesaid still remained wholly unsatisfied, and alleging that she had been informed, so believes and states as facts, that the conveyances to Bynum and Mrs. Miniter were not real and *bona fide* but were mere shams and made with the intention

of defrauding appellee and other creditors of Hayes; that no adequate consideration was paid by either of the grantees to Hayes for the conveyances, and that they now hold the premises in trust for him for his use and benefit and to prevent a levy and sale thereof by appellee, and that Hayes has no personal or other real estate liable to sale and execution. The bill prays for discovery and for a complete statement of the facts and circumstances of the alleged fraudulent conveyances and the amounts paid therefor and thereon and in what manner they were paid; that the instruments be set aside and declared void as to her, and that Hayes be decreed to pay and satisfy the amount due on said judgment and costs; that all property discovered and belonging to him be applied to the payment thereof. An injunction was prayed restraining further transfers, dispositions and incumbrances of the property, and there was a prayer for general relief. All three of the defendants answered the bill, denying that the judgment was obtained by the complainant, and averring that if it was obtained it was by forgery, perjury, fraud, deceit and viciousness. They did admit that the real estate in question was owned by Hayes and that the transfers by him to Bynum and Mrs. Miniter were made but denied all charge of fraud in connection therewith, and alleged that the transfers were *bona fide,* of the character they purported to be and for the consideration therein named. Issues were formed by replication and the cause was heard in open court before the chancellor. The court found against appellee as to Bynum and that the trust deed and the notes to him were valid and in no respect fraudulent; that the other allegations in the bill are substantially true as alleged, and that the complainant did not join her husband in the execution of the trust deed or in the deed to Mrs. Miniter; that the latter deed, though absolute in form, is, in fact, only a mortgage to secure the re-payment of the amount of money therein named as consideration, and as to appellee is not a convey-

ance in fee and was executed by the grantor with the intention of defrauding her and preventing her from collecting her judgment; that appellee's judgment is a lien upon the property, subject to the lien of the trust deed, and also subject to the lien of the quit-claim deed, which is declared to be a mortgage. Hayes was decreed to pay within ten days the judgment to complainant, with five per cent interest thereon, and costs, and in default thereof that the premises be sold by the master in chancery after advertising the same, but subject to the lien of the trust deed to Bynum; that out of the proceeds of the sale the master pay, first, the cost of this proceeding, including the cost of sale and the master's commission; second, to Mrs. Miniter the sum of $1500, without interest, the amount found due her on her mortgage; and third, to the complainant the amount of her judgment and interest and costs due on the same, and the surplus, if any, to Hayes. The decree also ordered that appellee, by apt conveyance and acknowledgment, shall release her right of dower to the purchaser, and that Hayes pay the costs of the proceeding, and execution was awarded to appellee for the same. Sarah Miniter has prosecuted her appeal to this court.

The facts concerning the obtaining of the judgment by appellee, of the ownership of the property by Edwin H. Hayes, and that he had executed the trust deed and notes to Bynum, and the quit-claim deed to Sarah Miniter for an alleged consideration of $1500, that the execution of the judgment was returned wholly unsatisfied, and that Hayes had no other property out of which the judgment can be made, were fully proved and are undisputed. The following facts are also established by the proofs in the record: Appellee was the second wife of Hayes, who was a practicing physician in the city of Chicago. Their relations as husband and wife were interrupted by misunderstandings between each other which resulted in separation and litigation. About January, 1911, she began a suit in the circuit

court of Cook county for separate maintenance, which ap-
pears to have been very bitterly contested but with what
result does not appear. Bynum was attorney for Hayes in
that litigation, and the trust deed and mortgage executed
to him by the doctor were in consideration of the services
rendered him by Bynum in that suit and for cash money
furnished him at different times pending that litigation. It
appears that after that litigation, about August 28, 1912,
appellee and Hayes began living together again, and that
after that time they again separated, she going to what she
called her home in Middleville, New York. In the fall of
1918 he secured a divorce from her while she was residing
in New York, as she learned on her return to Chicago in
the fall of 1919. She had previously obtained her judgment
and on October 10, 1919, filed her present bill. The note
upon which she recovered judgment was given to her by
Hayes for money she had loaned him to remove an incum-
brance upon the property, which is also the subject of this
litigation. After they began living together in 1912 Hayes
frequently had conversations with her about the note given
to her by him, in all of which conversations he asked her
to tear up the note, which she refused to do. At various
times on such refusals he told her that he would never pay
the note, and in one or more of these conversations he also
told her that he would never pay a dollar on the note and
that he would fix his property so that she could not collect
it. None of these conversations concerning the note and
the payment of it are disputed. In 1914, while she and
Hayes were living in the property in question, he was get-
ting $22 per month each for the first and second flats and
$20 for the third, or $768 per annum. The value of the
property at the time of the trial was $6000 or $6500. The
quit-claim deed to Mrs. Miniter was executed by Hayes
pending the suit by appellee against him for judgment on
his note and about two months before that judgment was
obtained. The deed was executed on September 3, 1915,

in the office of Bynum, before his stenographer, Edith L. Lundy, as notary public. At that time Mrs. Miniter paid to Bynum $1500,—$1450 for Hayes and $50 for Bynum for interest then due him from Hayes on the three notes and trust deed. Since that date, beginning, with October 21, 1915, and ending October 30, 1921, Mrs. Miniter has paid to Bynum the interest on the three notes,—thirteen payments of $75 each,—the interest being paid semi-annually, in April and October. She also paid as taxes on the property on April 30, 1921, for the year 1920, $105.13; on April 27, 1920, for the year 1919, $100.25; and on March 19, 1919, for the year 1918, $76.05. She has collected all the rents on the property since the date of her deed, but the amounts thereof are not in evidence. On January 14, 1916, in a conversation over the telephone Mrs. Miniter told Ralph D. Shanesy, a lawyer of the firm of McCulloch, McCulloch & Dunbar, that she had a deed (referring to the quit-claim deed) given to her by Hayes and that it was given to her to secure a loan of $1500 to him. She also said to him that Hayes was a good friend of hers and badly in need of the money and that the $1500 named in that deed was a loan by her to him. Shanesy visited the premises in question in December, 1915, or in January, 1916, and found a sign on the door of the premises that read, "Apartments for rent.—Inquire of Dr. Hayes," and the sign also gave the residence number of Hayes.

The proofs in the case established without dispute that the quit-claim deed to Mrs. Miniter was made by Hayes with the actual intent to hinder, delay and defraud appellee and to prevent her from realizing the amount of her indebtedness against him out of the property in question. They also establish the fact that the quit-claim deed was executed for the purpose of securing a loan of $1500 to him by Mrs. Miniter, and that this deed, though absolute in form, was only a mortgage, and it must therefore be held fraudulent as to appellee. The rule is established in this

State that a conveyance of property which is absolute upon its face but which is really intended as a mortgage or security is binding as between the parties but is fraudulent as to creditors, even though the grantee or mortgagee did not actually participate in the intent of the grantor or mortgagor to defraud his creditors. In other words, Mrs. Miniter's act in accepting such instrument was constructively fraudulent or a fraud in law. (*Beidler* v. *Crane,* 135 Ill. 92; *Clark* v. *Harper,* 215 id. 24.) It is also the rule in equity that where a conveyance or transfer of property is set aside solely upon the ground that it is constructively fraudulent as to creditors it will still be upheld to the extent of the actual consideration and be vacated only as to the excess. (*Beidler* v. *Crane, supra.*) The fact is that Mrs. Miniter defended in this case and made the actual claim that the quit-claim deed to her was as it purported to be,—an absolute deed,—and that there was no understanding between her and Hayes that the same was to be only security for the $1500 obtained from her, and that there was no understanding between them that he was to have any further interest in the property. As held in both of the cases above cited, this act on her part is strong evidence of actual fraud, and the court's action in decreeing that the deed to her should be set aside only as to the remainder of the premises after her claim was satisfied is certainly as much consideration as she was entitled to.

It is insisted by appellant that the evidence does not warrant the finding of the court that the deed to her was simply made for the purpose of securing the $1500 paid by her to Hayes. We think the evidence warranted the court in making that finding notwithstanding the fact that she testified and gave a different version of her conversation with Shanesy over the telephone. She admits having the conversation over the telephone with him, but testified that he asked her if she had bought the property in question, and that she replied that she had; that he then asked her

if she paid for it with money or notes, and she replied that she paid for it with money; that he then said that it would not be necessary for him to see her as he could do no good for Mrs. Hayes under any circumstances. The important fact that Shanesy was wanting to know, according to his testimony, was whether or not the deed was an absolute deed or simply made to secure a loan, and he testified that at that time he put in writing the words that Mrs. Miniter said to him over the phone and preserved the writing. He was not appellee's attorney in this litigation. He was corroborated by the fact that Hayes after that time was keeping a sign on the premises notifying the public that there were apartments there to rent and asking them to call at his residence concerning the same. The fact that he did that is denied by no one and no explanation is given of it, and we do not think that under the evidence we would be warranted in overruling the finding of the court in the particular mentioned.

It is also contended by appellant that the decree was not warranted by the allegations made in the bill and the prayer for relief. The whole substance of the bill in that regard has already been stated, and it was amply sufficient to authorize a decree against the appellant. The decree, however, is in some particulars inaccurate and erroneous, as suggested by appellant. Under the showing in the record appellee has no inchoate right of dower, as she was divorced at the suit of her husband, which necessarily implies that the same was obtained for her fault and her prospective right of dower was forever extinguished. The decree should therefore find that such inchoate right of dower had been extinguished, without directing her to release such supposed right after sale to the purchaser. The decree ought also to provide that Mrs. Miniter may pay the amount of appellee's lien and costs of suit if she so desires, and that on doing so the decree in favor of appellee shall be satisfied and the title to the premises vest in Mrs. Miniter, subject

only to the lien of Bynum. The decree should also direct that any surplus after the satisfaction of appellee's lien, in case of sale, shall be paid to Mrs. Miniter and not to Hayes. Hayes was properly found guilty of actual fraud and is entitled to nothing by reason thereof, and for the further reason that he attended the trial and permitted Mrs. Miniter, without protest or objection, to defend this suit under claim that the quit-claim deed was an absolute conveyance to her and not by way of security for the loan.

The record shows that Mrs. Miniter collected more than $400 per year rents over and above the amount that she paid for interest to Bynum and taxes and probable insurance, and considering these facts the court dealt with her very liberally and generously in its decree. As the decree will have to be reversed and the cause remanded for errors therein, we think that any rents that Mrs. Miniter has collected since the date of the decree, February 16, 1922, should be applied as credits on her lien of $1500 after deducting from such rents whatever necessary expenses she may have incurred since that date in the payment of interest to Bynum, taxes, insurance and other such matters, and that the amount of her lien should be specified in the decree as the net balance.

The decree of the circuit court is therefore reversed and the cause remanded, with directions to the court to enter the same decree, in substance, as the one appealed from, with the corrections made thereto suggested in this opinion. It is further ordered that the costs of this appeal be borne equally by appellee and appellant, and that the clerk of this court shall tax the costs of this appeal accordingly.

*Reversed and remanded, with directions.*