### HART v. STINGER et al.
### No. 353.

District Court, W. D. Louisiana, Lake Charles Division.
July 18, 1930.

McCoy, Moss & King, of Lake Charles, La., for complainant.

Edwin F. Gayle, of Lake Charles, La., for respondents.

DAWKINS, District Judge.

Plaintiff, as the trustee of the bankrupt estate of James E. Stinger, brought this plenary action against the said Stinger, his wife, Virginia D. Stinger, and a stepson, Carlos Allen, alleging that the first two defendants were residents of this district, and the last, Allen, was a resident of Houston, Tex.; that within four months preceding the filing of the petition in bankruptcy the bankrupt had executed in favor of his wife an instrument purporting to be a dation en paiment, or giving in payment of certain jewelry of the value of $4,000, or more, consisting of diamond rings, diamond pins, unmounted diamonds, watches, charms, emblems, and silverware, from his stock as a jeweler, in satisfaction of a purported debt in the sum of $3,500, a copy of which act was attached and made part of the petition; that defendants had refused to deliver the same to the bankrupt estate; that petitioner feared same would be disposed of or placed beyond the reach of the process of this court pending suit; that all of said defendants were without financial responsibility, and no judgment could be collected against them; that said Virginia D. Stinger worked in the store of the bankrupt, kept his books, and knew that he was insolvent at the time of delivery of said property to her; that the same was done "with the intent to hinder, delay and defraud his creditors," in violation of the bankruptcy law; that, if said Stinger was in truth indebted to his wife, which petitioner denied, the transaction was an "illegal attempt to defraud the creditors" of the bankrupt.

Petitioner prayed for a restraining order and temporary injunction to prevent the disposition of said property, and for a writ of sequestration to seize all of it in possession of the defendants, that said dation en paiment be declared null and void, as fraudulent, and in the alternative that it be held an attempt to give an illegal preference.

Writs of injunction and sequestration were issued and served upon the defendants

resident in this district; a small quantity of silverware was seized; service upon Allen was made by the marshal of the Southern District of Texas, at Houston, and the return recites as follows:

"Mr. Allen stated that he did not have the property described in the plaintiff's bill, jewelry, diamonds and diamond rings, but if he had to produce said property that he could get hold of same and would do so when the time came."

The defendant wife affirmed the good faith and validity of the giving in payment, and that it was for a just debt owing to her; that the said property had been delivered to her and by her to her son, the said Carlos Allen, "to be disposed of as directed"; that it was conveyed to her for the repayment of the sum of $3,500 advanced to her husband out of her paraphernal funds, which he was permitted to do under the law of Louisiana. She admitted that she kept the books of her husband, but denied that she knew he was insolvent. Further, that all of said property, except a few pieces of silver, had already been disposed of at the time of service of plaintiff's petition. She prayed that the petition be dismissed and for damages in the sum of $500 for the alleged illegal issuance of the writs.

The answer of the defendant husband was similar to that of his wife, and he also claimed the sum of $250 as damages, resulting from the writs.

The answer of Allen was largely a denial for want of information of the matters complained of in the petition, except that he averred affirmatively knowledge of the indebtedness of the bankrupt to his mother in the sum of $3,500. He also admitted that the property had been delivered to him by his mother, but with instructions to dispose of the same, which he had done before the service of the petition and writs in this case. He likewise prayed for damages in the sum of $500.

██ I think the record shows that the wife of the bankrupt received from the sale of property which she had inherited from her parents, and which must, therefore, be classed as paraphernal, approximately $3,500, about the 1st of January, 1920, which was turned over to, and used by, her husband, the bankrupt. The Civil Code of Louisiana gives the wife a privilege upon the property of her husband, which it is not necessary to

record, entitling her to be paid by preference over ordinary creditors. Civ. Code La. art. 2376. Enjoying such a right, the debtor, her husband, could convey to her in satisfaction of that claim property at a fair value or funds sufficient to satisfy the same, without impinging upon the legal rights of creditors holding claims of a lesser rank. Judice v. Neda, 8 La. Ann. 485; Levi v. Morgan, 33 La. Ann. 532; Newman & Co. v. Eaton, 27 La. Ann. 341; Lehman & Co. v. Levy, 30 La. Ann. 745. Such a transfer is not subject to the revocatory action. Thompson & Co. v. Freeman, 34 La. Ann. 995; Pons v. Y. & M. V. Ry., 122 La. 170, 47 So. 449.

██ However, Mrs. Stinger was not entitled to receive any more in money or property, at a fair market value, than was necessary to satisfy her claim. I think the record shows that she actually took from the stock of her husband diamonds and other jewelry, silverware, etc., which at wholesale had cost $3,756.01, or the sum of $256.01 more than her claim, and at retail price would have been sold for $7,512.02. Allowing a reasonable discount for depreciation, obsolescence, etc., a value of $5,000 would, in my judgment, represent a fair value for the property at the time and place it was received. I think she must be held to account for it at the reasonable market value, not cost, but the price at which it could have been sold at Lake Charles, which, conservatively, was the figure just mentioned. Under this finding she received property of the value of $1,500 more than she was entitled to, and the plaintiff should have judgment for that amount.

In passing, I will say that the testimony of the bankrupt and his wife, both before the referee and the court, impresses me as being evasive and contradictory. I do not believe that it had been sold for $2,000, as they claim, but is still held by Mrs. Stinger's son in some manner for her benefit. Her claim for paraphernal funds to the amount of $3,500 I think is reasonably established by other and corroborative evidence.

The writ of injunction should be perpetuated and the sequestration sustained as to such property as was seized. With respect to that which was not actually taken into custody, the right of plaintiff to pursue such additional remedies as may be deemed necessary will be reserved.

The demands of defendants for damages will be rejected. Proper decree may be presented.