## LEVY v. RENDLE CONTRACTING & DOCK BLDG. CO.
### No. 6054.

District Court, D. Massachusetts.
March 1, 1935.

Harold Horvitz and Guterman & Guterman, all of Boston, Mass., for plaintiff.

Geo. L. Dillaway, of Boston, Mass., for defendant.

BREWSTER, District Judge.

The above-entitled action at law is brought by a trustee in bankruptcy to recover a preference. The case was tried without jury upon an agreed statement of facts, from which it appears that the bankrupt, within four months prior to bankruptcy, transferred certain personal property, including three boats, to the defendant, one of bankrupt's creditors.

According to the records of the bankrupt corporation, it had received an offer from the defendant to purchase the three boats for a sum of $5,000, and, upon the transfer being completed, the defendant credited the bankrupt's account with $5,100. Shortly after adjudication the defendant's attorney wrote to the receiver of the bankrupt estate offering to surrender the property. The receiver thereupon petitioned the referee for instructions respecting his duties in the premises. The referee authorized the receiver to disclaim title to the property and to conserve the rights of a trustee to proceed against the defendant for the value of the property or the price paid therefor. The parties have stipulated that the value of the property transferred at the time of transfer was $2,000. No question is raised respecting the right of the trustee to avoid the transfer under section 60b of the Bankruptcy Act (11 USCA § 96 (b) as a preference. Although the stipulation recited that "the only question for consideration of the court is the amount of money the plaintiff is entitled to recover," defendant's attorney in his argument questioned the plaintiff's right to a money judgment in view of the offer to return the boats. This contention probably could not prevail had there been no stipulation. The law seems to be settled that the trustee has the right to elect whether he will sue for the property or for its value. Remington on Bankruptcy, §§ 2230 and 2250; Collier on Bankruptcy (13th Ed.) p. 1330.

My attention has been directed to no case which militates against the text of these works.

National City Bank of New York v. Hotchkiss, Trustee, 231 U. S. 50, 34 S. Ct. 20, 58 L. Ed. 115, cited by the defendant, is not opposed. There the trustee elected to proceed in equity to recover securities in specie. The trustee was held to this election, notwithstanding that the value of the securities had depreciated.

Proceeding to the only question open on the stipulation, it is the plaintiff's contention that the transfer is to be treated as if the defendant had paid to the bankrupt $5,100 and the bankrupt had immediately paid that sum in cash to the defendant. This contention is not sound. The statute does not admit of any such fiction. Money paid on account is deemed to be a transfer of property within the scope of the statute but, I take it, that does not warrant the conclusion that a transfer of tangible property must be deemed a payment of money. It is the transfer that is open to attack under section 60b. Until the trustee has elected to avoid the transfer, it is valid and lawful. Adams v. Champion (Feb. 4, 1935) 55 S. Ct. 399, 79 L. Ed. —.

There is, therefore, no occasion for exacting any penalty upon a creditor who has received a preference. The rights of a trustee to avoid a preferential transfer are defined by statute, and the manner and the measure of the recovery must come within the limitations of the act. In most cases of transfer of property in part satisfaction of pre-existing indebtedness, the indebtedness is reduced by some definite amount. To hold that an amount recoverable is the amount credited would enable creditors to defeat the purpose of section 60 of the act (11 USCA § 96). If Stearns Salt & Lumber Co. v. Hammond (C. C. A.) 217 F. 559, cited by the plaintiff, means more than that the purchase price may in some instances be accepted as the agreed value, I am, unable to follow it. When, for the purposes of the trial of a law action brought to recover a preference, the parties have agreed upon the value of the property at the time of transfer, that value must control. Gering v. Leyda (C. C. A.) 186 F. 110.

This conclusion is compatible with the purposes of the statute. The preference depleted the estate only to the extent of the fair value of the property transferred, and if that depletion is made good the creditors lose nothing by the transaction.

The plaintiff having agreed that the value of the property transferred was $2,000, he has agreed to the measure of his recovery and, accordingly, is entitled to a judgment only for that amount.

Judgment may be entered accordingly.