**Alexander TCHEREPNIN et al., Plaintiffs,**

v.

**Robert FRANZ et al., Defendants.**

**No. 64 C 1825.**

United States District Court, N. D. Illinois, E. D.

March 13, 1980.

See, also, D.C., 475 F.Supp. 92.

Don H. Reuben, James Klenk, Reuben & Proctor, Chicago, Ill., for plaintiffs.

Victor G. Savikas, Laura R. Singer, Karon, Morrison & Savikas, Ltd., Chicago, Ill., for defendants Schroeder Brothers.

## MEMORANDUM AND ORDER

ROBSON, Senior District Judge.

This cause is before the court on the Receiver's motion for entry of final judgment order pursuant to Fed.R.Civ.P. 54(b) on Count X of the Amended Cross-Complaint. On August 13, 1979, this court granted the Receiver's motion for summary judgment against defendants Martin and Vincent Schroeder on Count X, seeking to set aside a fraudulent conveyance of real property to defendants by the now deceased Director of State Financial Institutions, Joseph E. Knight, and his wife Helen Knight. *Tcherepnin v. Franz*, 475 F.Supp. 92 (N.D. Ill.1979). The court directed the Receiver to prepare and submit a final judgment order under Rule 54(b) and allowed the defendants to file objections to the proposed order. That order having been received, and objections considered, for the reasons hereinafter stated the court will grant the Receiver's motion for entry of judgment against defendants Martin and Vincent Schroeder [hereinafter referred to as the Schroeders].

*Requested Relief*

The Receiver's proposed order requires that the fraudulent conveyance of January 2, 1970, be set aside, and that the Schroeders be ordered to convey to the Receiver all their right, title, and interest to the property within thirty days. The Receiver further requests the court to order the Schroeders to pay the difference between the reasonable rental value of the property

since the conveyance and the payments made by the Schroeders toward the original purchase price and value of improvements to the property. The Schroeders object on the ground that the Receiver's relief is limited to recovery of the balance of their original purchase price for the property from the Knights with interest as of the date of the fraudulent conveyance.[1]

*The Law of Fraudulent Conveyance*

■ The equitable remedy of fraudulent conveyance operates to set aside a conveyance of property, tangible or intangible, which is found to be actually or constructively in fraud of creditors of the transferor. Ill.Rev.Stat., Ch. 59 § 4 (1977); G. Glenn, *The Law of Fraudulent Conveyances* § 58 *et seq.* (1940) [hereinafter referred to as *Glenn*]. This remedy, which has existed in some form since Roman times, is today distinguishable from the independent, similar remedies available through the law of bankruptcy and preferences. *Glenn, supra* at § 1. It is a remedy designed to discourage dissolution of assets which injure creditors of property owners.

■ The remedy provides that the creditor, upon a finding of fraudulent conveyance, may set aside the transfer and regain the property or the cash value to the amount of the debt. It is well-settled that the creditor may elect to recover either the property itself, or its cash value in satisfaction of the debt. *Levy v. Rendle Contracting & Dock Bldg. Co.*, 9 F.Supp. 1009 (D.Mass.1935); *Bartel v. Zimmerman*, 293 Ill. 154, 127 N.E. 373 (1920); *Buffum v. Barceloux Co.*, 289 U.S. 227, 53 S.Ct. 539, 77 L.Ed. 1140 (1932) (court assumes, without deciding, that if property were still in possession of transferee, trustee would have right to possession of property); *Glenn, supra* at § 63 *et seq.* (1940).

The Schroeders argue that the Receiver is limited to recovering the balance of the purchase price set in their contract with the Knights, $85,000 together with interest. Much of their argument relies on their allegation that this price was never found to be unfair, and represents the reasonable value of the land at the time of the conveyance. They argue that it is the value of the land at that time which should be used in determining their liability and the Receiver's recovery. Additionally, they read the court's opinion on liability as impliedly accepting their position.

The court found the sale to them invalid due to several factors. At no time did this court find the contract purchase price was a fair measure of the value of the land. Furthermore, the Schroeders never paid this price. They paid $40,000. They do not argue that $40,000, the actual amount paid, represents the fair value at any time. The court has no intention of reviewing at this point the numerous factors which led to the original finding of liability, and will merely reiterate that the amount of their contract purchase price is not controlling in the determination of the appropriate relief.

Even if that price was the fair value of the land at the time of the conveyance, it is not the measure of recovery in this case. The Schroeders mistakenly rely upon cases where the creditor or trustee in bankruptcy chose to recover the lesser of the value of the property or the amount owed as support for the proposition that only the value of the land at the time of the conveyance could be recovered. In some of these cases, the property had been transferred after the fraudulent conveyance to innocent third parties. *See e. g. Buffum v. Barceloux Co., supra.* More frequently, the amount of the creditors judgment or debt was less than the estimated value of the property. *See e. g. Hayes v. Miniter*, 308 Ill. 22, 139 N.E. 74 (1923). In other cases, principles of valid preferences and bankruptcy law were involved as well as fraudulent conveyance. *Hart v. Stinger*, 46 F.2d 321 (W.D.La.1930). In *Hart*, for example, principles of valid preferences provided that the conveyance by the bankrupt to his wife was only invalid to the extent she paid less than full value

---

1. Although the Schroeders do not accept this Court's previous finding that the conveyance was fraudulent, for the purposes of this order, the objections will be considered as if liability finding was accepted.

for the transfer. Therefore, the court found her liable only for the excess at the time of the transfer. This case is clearly inapplicable to the instant situation because the transfer to the Schroeders by the Knights does not involve either state law preferences or bankruptcy principles. In the principal case relied upon by the Schroeders, a bankruptcy trustee sued to recover 187 ½ acres of land fraudulently conveyed by a bankrupt to his brother-in-law. *Morris v. Flenner*, 25 F.2d 211 (E.D.Ill.1928). The court determined, through expert testimony, that at the time of the conveyance, the land was worth $31,875. The brother-in-law as transferee had made a $300 down payment, and took the land with incumbrances totalling $24,928.89. The court determined that at the time of the conveyance, the fair cash value of the equity was $6,946.11 for which he paid $300. Subsequently, the brother-in-law reduced the incumbrance by $1,428.89. At the time of trial, therefore, the fair cash value of the equity was $8,375.00, towards which the transferee had paid $1,728.89. The court determined that the transferee would either pay the difference between the value of the equity minus the payments he had made, or transfer the property to the trustee upon receipt of the total amount he paid to the transferor and the amount he had reduced the incumbrances. Since the increased equity value was due to the transferee's action in reducing the debts, he was not charged with that value. Therefore, he could retain the land by paying the difference between the value of the equity interest ($6,946.00) and the total amount paid by him ($1,728.89). In this case, the Schroe-

ders are not being charged for any appreciation in the property caused by their actions, nor are they being refused compensation for payments made to improve the property. As in *Morris*, they could retain the property upon payment of the value of their entire present interest in the property minus any proper credits.

The *Morris* decision clearly supports the Receiver's proposed order. The *Morris* court ordered the grantee to account for his entire present equity interest in the property, or return it to the creditor. Similarly, the Receiver requests a return of the property, or the payment of the entire present interest minus appropriate deductions. None of the authorities cited by the parties suggests a different result would be proper. Nothing in the *Morris* decision suggests disagreement with the longstanding right of the creditor or trustee to receive either the property or its value.[2]

*Reimbursement for Improvements and Other Payments*

 The Receiver concedes, and the court finds, that as constructive fraudulent transferees, the Schroeders are entitled to an offset of their partial payment of $40,000 plus the value of any improvements they made on the property since the conveyance. *Morris v. Flenner, supra* at 213; *Glenn, supra* at 240 *et seq.* (1940). These improvements have been appraised at a total value of $27,125.00. The Schroeders have filed no objections to this appraised value, and the court therefore accepts the amount as correct. The Schroeders are therefore entitled to offset a total of $67,125.00 against their liability. If they chose to retain the proper-

---

**2.** The Schroeders mistakenly read this court's opinion on liability issue as supporting their position in this respect also. Primarily, they rely upon one sentence at the close of the opinion which states:

"The Schroeders are liable to the receiver for the difference between the value of the property conveyed to the Knights and the $40,000 consideration paid to the Knights with accumulated interest at 7% from December, 1973." 475 F.Supp. at 98.

At the time of that opinion, this court did not have the benefit of the proposed order, the authorities on this issue, or the appraisal of the

current value of the property. Now that this information and authority is available, it is clear that accumulated interest on the prior deficiency is not the remedy chosen by the creditor. This court, in accord with settled principles of law, will not interfere with the proper choice of remedy by the creditor. Additionally, this court has once before notified the Schroeders of its opinion in this regard. On September 13, 1979, in overruling the Schroeders objections to having an appraisal of the property made, the court informed the parties that the liability opinion did not deal with that issue.

ty, they shall be allowed to reduce the purchase price by this amount. If they chose not to retain the property, it will be sold, and this amount returned to them from the proceeds.

### Rents and Profits

 The Receiver also claims that the Schroeders' reimbursement or offset must be reduced by the reasonable rental value of the property since the conveyance. In cases of actual fraud, the transferee may not obtain offset for improvements, and is liable for rents received or the reasonable rental value of the property. *Duncan v. Dazey*, 318 Ill. 500, 149 N.E. 495 (1925); *Hays v. Miniter, supra; See* Annotation: *Accountability and Liability for Rents and Profits of Grantee of Fraudulently Conveyed Property*, 60 A.L.R.2d 593 (1958). Nonetheless, in cases of constructive fraud, as the present case, requiring the payment of reasonable rental value is rare. Only one court has ordered a set-off for payments forr improvements as outlined in the preceding section, and also held the transferee accountable for the reasonable rental value for the time between the conveyance and delivery. *Grover v. Berger*, 75 Wyo. 191, 294 P.2d 793 (1958).

Under the present status of Illinois law, the court finds the Schroeders cannot be required to account for the reasonable rental value of the land. The Illinois cases requiring such payments are only those where the grantee was found guilty of actual fraud, or actual rents were received by the grantee. *See Smith v. Jackson State Bank*, 63 F.2d 934 (10th Cir. 1933); 60 A.L.R.2d, *supra* at 614. Where, as here, the court found the transfer constructively fraudulent, and the grantee has not in fact received rents, accounting will not be required.

Therefore, for the reasons herein stated, it is hereby ordered, adjudged, and decreed:

1. That the Receiver's motion for summary judgment is granted and the Schroeder Brothers' motion to dismiss is denied for the reasons set forth in this court's opinion of August 15, 1979.

2. That the conveyance from Joseph E. Knight to Martin and Vincent Schroeder of the property described below is set aside as fraudulent, null, and void with respect to the Receiver. The legal description of the property is as follows:

The North Three-Fourths (N ¾) of the West Half (W ½) of the Northwest Quarter (NW ¼) and the Southeast Quarter (SE ¼) of the Northwest Quarter (NW ¼) and the South Half (S ½) of the Southwest Quarter (SW ¼) of the Northeast Quarter (NE ¼) and the Northwest Quarter (NW ¼) of the Southeast Quarter (SE ¼), less Northeast corner and the South three-fourths (S ¾) of the East Half (E ½) of the East Half (E ½) less the Southeast corner, Southeast Quarter (SE ¼) of the Northeast Quarter (NE ¼) and less Northeast corner of the Northeast Quarter (NE ¼) of the Southeast Quarter (SE ¼) all in Section 36, Township 7 North, Range 12 West of the Third Principal Meridian, subject to an easement from Joseph E. Knight and Helen R. Knight to American Telephone and Telegraph Company recorded in Book 239, page 486.

also described as:

Parcel I—The North Three Fourths of the West Half of the North West Quarter of Section 36, Township 7 North, Range 12 West of the Third Principal Meridian in Jersey County, Illinois.

Parcel II—The South East Quarter of the Northwest Quarter of Section 36, Township 7 North, Range 12, West of the Third Principal Meridian in Jersey County, Illinois.

Parcel III—South Half of the Southwest Quarter of the North East Quarter of Section 36, Township 7 North, Range 12, West of the Third Principal Meridian in Jersey County, Illinois.

Parcel IV—Northwest Quarter of the South East Quarter of Section 36, Township 7 North, Range 12, West of the Third Principal Meridian in Jersey County, Illinois except the North East Corner thereof.

Parcel V—South Three Fourths of the East Half of the East Half of Section 36, Township 7 North, Range 12, West of the Third Principal Meridian in Jersey County, Illinois except that part thereof conveyed by John Bates and wife to Trustees of Salem Church by Deed recorded April 28, 1857 in Book O, Page 411 and except that part thereof conveyed by School Trustees by Deed recorded August 14, 1957 in Book 212, Page 217 to Robert, Henry and Charles Nelson.

3. That Martin and Vincent Schroeder shall, within thirty days of this order, convey all right, title, and interest they have in the subject property to Samuel Berke, Receiver of the City Savings Association.

4. That, in the event Martin and/or Vincent Schroeder wish to retain such property by purchase from the Receiver, they shall so notify Receiver within twenty days, and pay to the Receiver $430,500 within thirty days of the entry of this order, with allowance for such offset as is provided for in paragraph five of this order.

5. That, upon sale of the property by the Receiver, or upon purchase of the property by Martin and Vincent Schroeder, they shall be entitled to receive $67,125.00 as reimbursement for the partial payments and improvements.

6. That there is no just reason for delay in the appeal of this judgment and final judgment is hereby expressly entered in accordance with Rule 54(b) of the Federal Rules of Civil Procedure.

7. That in the event an appeal is taken from this judgment, the Receiver shall take all necessary steps to request an expedited hearing in the Court of Appeals. This case is now sixteen years old, and the depositors are elderly and of limited means. Expedition of any appeals from this judgment will materially facilitate the termination of the Receivership and final distribution of assets to the depositors.